# CASES DECIDED

# OCTOBER TERM, 1889.

COLEMAN *v.* THE GEORGIA RAILROAD AND BANKING CO.

| 84 | 1 |
|---|---|
| 85 | 506 |

| 84 | 1 |
|---|---|
| d96 | 43 |

| 84 | 1 |
|---|---|
| 121 | 318 |

| 84 | 1 |
|---|---|
| 124 | 247 |

| 84 | 1 |
|---|---|
| 125 | 196 |

One who gets upon a fast mail train during one of its fixed stops at a station, where these stops are too short for him to transact his business and get off, has no right to notice, by signal or otherwise, to alight before the train resumes it journey; it not appearing that the conductor or other proper agent knew that he had come aboard, nor that there was any usage or custom to give notice or make signals for the benefit of such visitors. This applies to a father who, in conformity to a known custom of travel, attends his daughter at her request, under circumstances rendering such attendance necessary, to aid her and her infant children to enter the train and procure seats as passengers. If, whilst he is in the car, the train starts before he has finished his undertaking, he must either remain until he can make known his wish to get off, or take the risk of alighting whilst the train is in motion.

November 27, 1889.

Railroads. Passengers. Custom. Negligence. Before Hon. J. B. ESTES, Judge *pro hac vice.* Walton superior court. August term, 1889.

Reported in the decision.

ROGERS & UPSHAW, for plaintiff.

J. B. CUMMING and H. D. McDANIEL, for defendant.

BLECKLEY, Chief Justice.

The material allegations in the declaration were these : Plaintiff bought a ticket for his daughter and two children, one three years, the other eight months old, from Social Circle to Atlanta. When the train known as the

v 84-1

fast mail reached Social Circle, he aided her and the children to get on the train, and went in the car to see that she and they were comfortably seated. This it was proper for him to do on account of the age of the children, and because his daughter had no assistant and was carrying a couple of bundles or boxes, and because the conductor did not offer to aid her. Plaintiff did not have a reasonable time to seat his daughter and children and get off the train before it started. Before he could seat her, and without allowing him a reasonable time to do so and get off, the train suddenly started without blowing the whistle of the engine, or otherwise giving him notice that it was about to start. So soon as he discovered the train was in motion, and while it was moving very slowly, he started to get off. He walked out of the car on to the platform, then stepped down to the bottom step, and whilst the car was moving very slowly, stepped off upon the ground, as he thought, but it may have been upon something negligently put there by the company. He used all ordinary and reasonable care and diligence in stepping from the train, was in the full possession of his physical vigor, and had no baggage to encumber him; and his getting hurt was the result of no fault on his part, but was the result of negligence on the part of the company in not giving him a reasonable time to get on and off the train, in starting without giving notice, in not providing proper persons or assistants to aid passengers on the train, in fixing the stop at the station too short, in having a very rough right of way by throwing in round rocks, in suddenly jerking the cars as he was about to step off, and in other respects. By amendment to the declaration, these averments were added: By the time plaintiff, with his daughter and her children, got inside the ladies' car, the train started without giving any signal, and without giving him a reasonable time to put his daughter and children on board the cars and get off before the train started. He had a

right to attend his daughter and children into the car where she was to be conveyed, being requested by her to do so, and it being necessary for him to get on board to safely place them. He had a right to be there, and to be duly notified by signal, or otherwise, of the starting, so that he could pass therefrom with safety. By gross negligence the train was started without giving him any such signal or other notice, and he was injured without any negligence on his part in attempting at the time the train started to pass from it to the platform. He was injured by the negligence of the employés and agents for the company. It was the custom of female passengers to have assistants to see them safely on and off the cars, which was known to the company and not objected to. The injuries were described, and damages were laid at $5,000. The company demurred generally to the declaration. The court sustained the demurrer and dismissed the action.

It is not alleged in the declaration that either the company or any of its agents or employés had notice that the plaintiff was upon the train, or that he desired to get off; nor is it alleged that it was usual or customary for the company to make signals in order to warn persons to get off who might have come as attendants upon female passengers and not to be carried as passengers themselves. Although it is alleged that the conductor offered no aid, it is not alleged that the conductor was present at the time and place when and where the plaintiff and his daughter boarded the train, or that he even saw them. Tested by Lucas v. Taunton & New Bedford Ry. Co., 6 Gray, 64, the plaintiff was not entitled to recover. There it was held that the person coming on board with an infirm passenger was not entitled to special notice, and the evidence was conflicting as to whether usual and customary notice, by ringing bells, crying "all aboard," etc., was given. Tested by Doss v. Mo., etc. R. R. Co., 59 Mo. 27, the

right to recover would be very doubtful, for there it is said it was the plaintiff's business to make himself acquainted with the usual delay of the train at the station, and with the usual signal for the starting of the train, and if that signal was given in time for the plaintiff to have left the cars, his delay was at his own risk. This implies that there was some evidence in the case to the effect that there was a usage in the matter of giving signals. Here, as we have said, there is no allegation that such a custom existed. It is alleged that the train was a fast mail, and that the fixed stop at Social Circle was too short. There is no intimation that the plaintiff did not know what the fixed stop for that station was before he entered the cars, or that he did not know it was too short. If he had such knowledge, he should have requested an extension of the stop for that occasion, or at least have given some notice that he was going aboard and desired to get off. This notice he might at least have given to the ticket agent from whom he bought the tickets, if not directly to the conductor. Tested by the case of L. & N. R. R. Co. *v.* Crunk (Ind.), 21 N. E. Rep. 31, the plaintiff here could not recover, because in that case the conductor either knew, or should have known from what he saw, that the invalid passenger came on board by the aid of attendants. Here there is no allegation whatever of any communication with the conductor, or any knowledge by him or any other agent of the railroad company, that the plaintiff would or did attend his daughter in boarding the cars and becoming seated. So far as appears, no act done by the plaintiff after he purchased the tickets took place in the sight or hearing of any agent or employé of the company. Under such circumstances we cannot hold that any act or omission alleged in the declaration, or that all of them put together, constituted a breach of any duty which the company owed to the plaintiff. The dictum in *Stiles* v. *Atlanta & West Pt. R. R. Co.*, 65

*Ga.* 375, to the effect that a person on board for certain purposes might have all the rights of a passenger, is (if law at all) to be restricted to persons who are on board with the knowledge of those agents or servants of the company whose diligence is charged with their safety. Griswold *v.* Chicago & N. R. R. Co. (Wis.), 23 Am. & Eng. R. R. Cases, 463, s. c. 26 N. W. Rep. 101. With such knowledge, the weight of authority would seem to be that ordinary, not extraordinary, diligence would be the rule. But even in the case of a passenger, there would be no requirement upon the company to allow him time to get off at a particular station unless he made it known, or it could be known from his ticket or otherwise, that he desired to get off there.

We conclude that the court committed no error in sustaining the demurrer and dismissing the action.

*Judgment affirmed.*