McLARIN v. THE ATLANTA & WEST POINT RAILROAD Co.

An injury resulting from an attempt to alight from a rapidly moving railway train, will generally afford no cause of action. This case is controlled by *Coleman* v. *The Georgia R. R. Co.*, 84 *Ga.* 1.

May 9, 1890.

Railroads. Negligence. Before Judge HARRIS. Campbell superior court. August term, 1889.

H. A. McLarin sued the railroad company for damages, and on the trial his evidence showed the following: On Jan. 4, 1889, he went with his daughter and two young children to assist them in boarding defendant's passenger-train, leaving Fairburn. He was sixty-five years old. They reached the depot nearly half an hour before the train arrived, and were standing on the platform ready to go aboard as soon as it stopped; and they immediately entered the front end of the passenger-coach and found seats near that end. They had hardly become seated before the train started to move off, and the plaintiff hurried to the door to leave the car and return to his carriage and horses, which he had left in the street. He reached the lowest step of the coach and endeavored as carefully as he could to alight while the train was in motion, but it was going faster than he thought, and as he jumped he was thrown forward upon his head against the ground, turning a somersault. He arose and returned to his carriage, but from the effects of his fall he sustained permanent, serious and painful injuries, rendering him unfit to labor, though before the accident he was strong and accustomed to do much work. He thought he knew how to jump from a train; twenty-nine years before, he was a conductor on this railroad. According to the testimony, the train stopped at the station but a very short time, probably less than a minute It was thirty or forty yards from the place where plaintiff and his daughter and the children went

aboard, to the place where he fell. He was holding to the iron railing of the coach, and jumped in the same direction the train was moving. He judged afterwards that it was moving at the rate of about fifteen miles an hour. He heard no signal of "all aboard" from the conductor, nor any bell, nor did he see the conductor. These signals are usually given when the conductor is on the outside of the train. Testimony showing the extent of the injuries was introduced.

The court on motion granted a nonsuit, and the plaintiff excepted.

THOMAS W. LATHAM, for plaintiff.

CALHOUN, KING & SPALDING, P. H. BREWSTER and C. W. HARTRIDGE, for defendant.

BLECKLEY, Chief Justice.

The plaintiff went upon the train with his daughter and her children to see them seated. So far as appears, the conductor did not know of his presence there, or of his wish to get off. He heard no signal given for starting the train, but does not prove that the usual signal was not in fact given. He left the train, knowing it was in motion, and undertook to alight when it was going, according to his subsequent estimate, at fifteen miles an hour. Most probably this estimate is too high, but the important fact is that the speed was unsafe, and so obviously unsafe that he should not have incurred the risk of attempting to get off without waiting to see the conductor and have the train stopped. He owed that duty both to himself and the railroad company, inasmuch as he must have known he was exposing himself, and the conductor did not know of his exposure. Granting that the company was in fault for starting the train too soon, it seems to us, as it did doubtless to the court below, that the plaintiff could have avoided the consequences by the exercise of ordinary care. We

think the case is controlled in principle by *Coleman* v. *Georgia R. Co.*, decided at the last term.    84 *Ga.* 1.

There was no error in granting a nonsuit.

*Judgment affirmed.*