SUBER *v.* GEORGIA, CAROLINA & NORTHERN RAILWAY CO.

Under the facts in evidence, the cause was one for submission to the jury, and not for determination by the court; and therefore it was error to grant a nonsuit.

March 25, 1895. Brought forward from the last term.

Action for damages. Before Judge COBB. City court of Clarke county. June term, 1894.

LUMPKIN & BURNETT, for plaintiff

ERWIN & COBB, for defendant,

SIMMONS, Chief Justice.

It appears from the evidence, that the plaintiff went to the railway station for the purpose of assisting his sister and three small children upon one of the regular passenger-trains of the defendant. Upon the arrival of the train he went to the conductor and told him of his intention to assist them on the train, and the conductor saw him preparing to get on. The plaintiff went into a car with his sister and the children, and when they were seated, started to get off, but the train began moving before he could do so. He stepped down the steps of the platform, holding the railing with his left hand, and was about to step off when the train gave a sudden jerk, which caused him to fall, and the car passed over his foot. The train was moving slowly; the plaintiff supposed it was going at the rate of about three miles an hour. It was the custom of the defendant, at this station, to give signals before the train started. The bell would ring and the conductor would holloa, "all aboard," and

time would be given people to get off. On this occasion
the plaintiff heard no notice or warning, no bell rung or
whistle blown, nor any cry of "all aboard." The stop
was shorter than usual, and he did not have time to get
off before the train started. He had just got on the train.
The court granted a nonsuit upon the ground that it was
negligence *per se*, as a matter of law, for the plaintiff to
attempt to alight from a moving train, and that in so
doing he assumed the risk of injury, and therefore could
not recover.

We think the court erred in granting a nonsuit. It is
not necessarily, as matter of law, negligent for a person
to leave a moving train. Whether it is negligent or
not in a particular case must depend upon the circum-
stances of danger attending the act and the special jus-
tification which the person leaving the train had for
doing so. Ordinarily, in cases of this kind, the ques-
tion of what is or is not negligence is one for the jury;
and unless the danger is obviously great,—as where the
train is moving at full speed,—the court cannot hold that
leaving the train is, as a matter of law, such negligence
as should preclude a recovery. (See *Covington* v. *Rail-
road Co.*, 81 *Ga.* 273.) The cases relied upon by coun-
sel for the defendant in error, in support of the holding
of the court below, are distinguishable from the present
case. In the case of *Coleman* v. *Railroad Company*, 84
*Ga.* 1, the decision was not placed upon the ground that
the plaintiff was negligent in stepping off the train, but
upon the ground that the railroad company was under
no duty to the plaintiff, it not appearing that the con-
ductor or any other proper agent of the company knew
that he had come aboard the train, nor that there was
any usage or custom to give notice or make signals for
the benefit of such visitors. In the case of *McLaren* v.
*Railroad Co.*, 85 *Ga.* 504, the facts were similar to those in
the *Coleman* case, *supra*. Besides, in that case the train,

according to the plaintiff's own estimate, was moving at the rate of fifteen miles an hour, while in the present case it appeared that the train was moving very slowly. In other cases cited for the defendant in error, the speed was obviously dangerous. In *Barnett* v. *Railroad Co.*, 87 *Ga.* 766, it did not appear that there was any jerk of the train, or other act on the part of the defendant, which could be treated as negligent and which caused or contributed to the injury. See on this subject 2 Am. & Eng. Enc. Law, 762, 763, and cases cited; Louisville & Nashville R. Co. *v.* Crunk, 119 Ind. 542, s. c. 41 Am. & Eng. R. Cas. 158; Carr *v.* R. Co., 98 Cal. 366, 58 Am. & Eng. R. Cas. 239.          *Judgment reversed.*