COURSEY *et al.* v. SOUTHERN RAILWAY COMPANY.

1. Unless it be shown that at the time a passenger attempted to leave a moving car it was running at such a high rate of speed as would render the attempt to alight obviously dangerous, the question whether such an attempt was or was not negligence on the part of the person attempting to alight is a question of fact to be determined by a jury.

2. When it is shown by the evidence that a person was in possession of a lantern and went through a passenger-car taking up tickets from the passengers, the question whether such person was in fact conductor of the train or other person in charge is for the jury to determine. No other person being apparently in charge, proof of such facts places on the railroad company the burden of showing that such person was not in charge of the train.

Argued April 1, — Decided April 25, 1901.

Action for damages. Before Judge Gober. Cobb superior court. November 22, 1900.

Coursey and his wife sued the railway company for personal injuries sustained by her in getting off a train. A nonsuit was awarded, and the plaintiffs excepted. From the evidence it appeared that Mrs. Coursey, accompanied by her husband and her brother, and having a ticket for passage from Austell to DeArmond on the defendant's railroad, got on one of the defendant's passenger-trains at Austell, supposing that it would take her to DeArmond; but soon after she had seated herself she was told that this train would not stop there. Her brother went to another car, where he had been told the conductor could be found, and saw a man with a lantern on his arm, who, on being asked by him whether the train would stop at DeArmond, told him it would not, and that he would have to get off. The train was then in motion. This man followed him back to where Mrs. Coursey was, and told her she would have to get off, and said, " Be in a hurry." She told him she thought the train was moving too fast, but he said it was not. She went to the rear platform of the train, preceded by her brother and followed by the man who had directed her to get off, and who continued to hurry them; and after her brother had jumped off, and while the train was still in motion, she stepped from the platform, carrying her baby on one arm and a wrap on the other. Her dress caught in the step of the platform, and she fell and was hurt by the fall. The train had just passed the railway depot at Austell. It does not appear at what rate it was moving. Further than may be inferred from the facts before stated, and from the fact that he was seen taking up the tickets of passengers, it does not appear who was the man with the lantern. A short distance behind this train was another train or section, which was to stop at DeArmond, and Mrs. Coursey got on it and was taken there. She was ill for a short time after that, and from time to time suffers pain which

she attributes to the fall. She attributes to the same cause a miscarriage.

*J. E. Mozley* and *C. H. Griffin,* for plaintiffs.
*Hugh M. Dorsey* and *E. W. Frey,* for defendant.

LITTLE, J.  The evidence was sufficient to make a prima facie case that plaintiff was injured in alighting from one of defendant's trains of cars; and assuming such injuries to have been ascertained, her right of recovery would rest on the determination of two questions: First, was it negligence on her part to attempt to alight when the car on which she was riding was in motion. Second, was the person who directed her to leave the car the conductor of the train or other person in charge, representing the company. As will be seen by the above report of the case, the plaintiff testified that when she was told, by the person whom she thought was the conductor, to get off the car, and was told to be in a hurry, she replied that the train was moving too fast, and that the person apparently in charge told her it was not. The contention of the defendant in error, when carried to its ultimate conclusion, is, that when under any circumstances a passenger attempts to alight from a moving train he is guilty of such negligence as will bar his right of recovery for injuries sustained thereby. We think this is not a sound proposition. In the case of *Suber* v. *Georgia, Carolina & Northern Ry. Co.,* 96 *Ga.* 42, this court ruled: "It is not necessarily, as matter of law, negligent for a person to leave a moving train. Whether it is negligent or not in a particular case must depend upon the circumstances of danger attending the act, and the special justification which the person leaving the train had for doing so. Ordinarily, in cases of this kind, the question of what is or is not negligence is one for the jury; and unless the danger is obviously great — as where the train is moving at full speed, — the court can not hold that leaving the train is, as a matter of law, such negligence as should preclude a recovery." In the case of *Covington* v. *W. & A. R. Co.,* 81 *Ga.* 273, referring to the question of negligence in such cases, this court said: " We have repeatedly decided that the question of what is or is not negligence, in cases of this sort, is exclusively for the jury. It is a mixed question of law and fact, which the jury must settle for itself." Also in *West End Street Ry. Co.* v. *Mozely,* 79 *Ga.* 463, it was ruled that whether a person who attempted to alight from a

car in motion was negligent was a question for the jury. The evidence in this case clearly indicates that the train of cars was not, at the time plaintiff alighted, in full speed. Indeed one of the witnesses, Thompson, testified on that subject that it had "got started pretty well"; so that we can not say, nor was the court below authorized to say, that in this particular case it was negligence for the plaintiff to attempt to alight from the train, especially so under the assurance, as she testifies, of the person who she thought was the conductor, that it was not going too fast for her safely to alight. The question whether in the attempt to alight she was rash or negligent was a question of fact for the jury to determine.

2. As a matter of course, a person who is injured in an attempt to leave a moving train on the command of the conductor, or the person in charge, can not justify such action on his part without showing that the person who gave the command to alight was in fact the conductor or some other official of the railroad company having authority so to direct. It is contended in this case that the evidence fails to show that the person who directed the plaintiff to leave the car while in motion, and who assured her that it was not running at a sufficient rate of speed to prevent her from doing so with safety, was the conductor, or a person having charge of the train or having any authority to give the direction. Certainly the evidence as to this fact was not at all conclusive, but it was shown by one of the witnesses that the person who gave such direction carried a lantern on his arm and took up tickets from the passengers. It is the duty of the conductor of a train to perform this service, and one not acquainted might well suppose that a person performing it was the conductor of the train. But, however this may be, the evidence is sufficient to put the burden upon the company of showing that such person was without authority, and not the conductor. Proof of these facts was sufficient to make a prima facie case that the person so acting was in charge of the train. Whether he was or was not was a question of fact, and the evidence that he performed some of the duties of the conductor of the train was sufficient to carry the case to the jury in order to determine the fact. Inasmuch as the evidence was sufficient to show injury to the plaintiff, and, in the absence of evidence showing that some other person was in charge, to put upon the railroad company the burden of showing that the person who took up the tickets was

not in fact the conductor or other person having control of the train, and because the further question as to whether the plaintiff was negligent or not in attempting to leave the car while it was in motion could only be rightfully determined by the jury under the evidence submitted, the court erred in granting a nonsuit.

*Judgment reversed. All concurring, except Lewis, J., absent.*