## AUGUSTA SOUTHERN RAILROAD COMPANY *v.* SNIDER.

It is not necessarily, as matter of law, negligence for a passenger to be upon the platform of a moving train. Whether it is negligence or not in a particular case must depend upon the circumstances of danger attending the act and the reason which the passenger has for so placing himself. Ordinarily in such cases the question as to whether such an act is negligence is one for a jury ; and unless the danger is obviously great, as where the train is moving at a rapid rate of speed, or the condition of the passenger is such as to make his presence upon the platform manifestly dangerous while the train is moving at any rate of speed, the court can not hold, as matter of law, that the passenger's presence upon the platform is such negligence as would preclude a recovery for injuries received by being thrown from the platform by a sudden jerk of the train.

Argued May 6, —Decided June 1, 1903.

Action for damages. Before Judge Holden. Glascock superior court. October 8, 1902.

*Joseph B. & Bryan Cumming* and *B. F. Walker*, for plaintiff in error. *K. J. Hawkins* and *T. W. Hardwick*, contra.

COBB, J. This case comes before us upon assignments of error complaining that the court erred in overruling a general demurrer to the plaintiff's petition, and in refusing to grant a new trial, the motion therefor being based solely upon the grounds that the .verdict is contrary to law and the evidence. As the evidence authorized a finding that the material averments in the petition had been established, if such evidence was sufficient in law to authorize a re-

covery, of course there was no error either in refusing a new trial or in overruling the demurrer. There was a conflict in the evidence as to some of the material questions. Viewing the evidence most favorably for the plaintiff, the case presented is as follows: Plaintiff was a passenger upon a mixed train of the defendant. He was in his seat when the conductor announced the name of the station which was his destination. Seeing the conductor approach a lady passenger to help her to alight from the train, he arose from his seat while the train was in motion and proceeded to the rear door of the car. He stepped upon the rear platform while the train was moving at the rate of about four miles an hour. Seeing that the train was going to pass the usual stopping-place and that the speed was not decreasing, he turned to make his way back into the car, and just as he turned a sudden jerk of the train made him lose his balance, and in consequence he was thrown to the ground and received injuries resulting in a strangulated hernia. The jerk was sudden, violent, and unusual. The question is, whether the plaintiff was guilty of such negligence as would defeat a recovery.

It can not be held as matter of law that it is negligence on the part of a passenger to leave his seat while the train is in motion, and we do not understand that this is insisted on in this case. Neither can it be held as matter of law that it is negligence for a passenger to go upon the platform of a car propelled by steam, while it is in motion. *Macon & Western Railroad Co.* v. *Johnson*, 38 *Ga.* 437 (7). Whether going upon the platform while the train is in motion is such negligence as to defeat a recovery by one who is injured, depends upon the speed of the train, the age and physical condition of the party, and other circumstances. Where the train is moving at a rapid rate of speed, it would be negligence in a passenger to go unnecessarily upon the platform; and even where the train is not moving rapidly, it would be negligence per se for an infirm or enfeebled passenger to go unnecessarily upon the platform. In a case where there is nothing in the condition of the passenger to make his presence upon the platform a negligent act in itself, and where the speed of the train is not such that it would be necessarily dangerous for any one to be upon the platform, it would be a question for determination by the jury whether the presence of the passenger upon the platform was such an act of negligence on his part as would preclude a recovery by him for an

injury resulting in part from his presence there.    For a passenger to be unnecessarily upon the platform of a train, either standing still or in motion, might be such a negligent act on his part, as would authorize the jury to reduce the damages to which he would have been entitled if he had been free from negligence.    See *Macon R. Co.* v. *Johnson,* supra.    But whether his presence upon the platform is such a negligent act as would entirely defeat his recovery depends upon the circumstances above referred to, or others of a similar nature.    See, in this connection, 5 Am. & Eng. Enc. L. (2d ed.) 681–682.    The rule in such cases is similar to that which would be operative where one alights from a moving train.    In *Suber* v. *Railway Co.,* 96 *Ga.* 42, Mr. Chief Justice Simmons says: "It is not necessarily, as matter of law, negligent for a person to leave a moving train.    Whether it is negligent or not in a particular case must depend upon the circumstances of danger attending the act, and the special justification which the person leaving the train had for doing so.    Ordinarily, in cases of this kind, the question of what is or is not negligence is one for the jury; and unless the danger is obviously great,— as where the train is moving at full speed,— the court can not hold that leaving the train is, as matter of law, such negligence as should preclude a recovery." The *Suber* case has been approved and followed in *Macon Railroad Co.* v. *Moore,* 108 *Ga.* 90; *Coursey* v. *Railway Co.,* 113 *Ga.* 299; *Travelers Protective Asso.* v. *Small,* 115 *Ga.* 457.    The cases relied on by counsel for plaintiff in error are, we think, distinguishable from the present case.    In *Blitch* v. *Central Railroad,* 76 *Ga.* 333, it was in the night, and the train was moving rapidly.    In *Paterson* v. *Railroad Co.,* 85 *Ga.* 653, it was in the night, and the plaintiff had not only gone upon the platform but was standing on the steps preparing to get off at a street-crossing which was not a regular stopping-place.    In addition to this, the *Paterson* case must be permitted to rest upon its own peculiar facts.    It has not only never been followed, but has never been cited as authority in any subsequent case.

*Judgment affirmed.    By five Justices.*