### 1321.   MYRICK *v.* MACON RAILWAY & LIGHT CO.

1. Whether it is negligence for a passenger to be upon the platform of a moving car must depend upon the attendant circumstances of danger, and the reason causing him to go upon the platform. So far from its being, as a matter of law, necessarily negligence for a passenger to be upon the platform of a moving car, it is ordinarily a question of fact for the jury whether his presence upon the platform is an act of negligence. The question of negligence can not be said to be one of law, unless, under the peculiar circumstances, the danger is so obviously great as that no one of ordinary prudence would, under any circumstances, subject himself thereto.

2. Under the facts in evidence in this case, the cause was not one for the determination of the court, and should have been submitted to the jury; it was, therefore, erroneous to award a nonsuit.

Action for damages, from city court of Macon—Judge Hodges. June 16, 1908.

Argued October 30, 1908.—Decided April 15, 1909.

R. L. Anderson, for plaintiff.    Roland Ellis, for defendant.

RUSSELL, J.  The court sustained a demurrer to the plaintiff's evidence and awarded a nonsuit; and exception is taken to this judgment.  The legal question presented is, whether, under the evidence introduced by the plaintiff, the negligence of the plaintiff was so great as to preclude any recovery upon his part, as a matter of law.  It appears that the plaintiff, without any signal on the part of the conductor, or any knowledge on the part of the motorman, went out upon the platform of the street-car, upon which he was riding a short distance, before the car had reached his destination, and, while standing on the steps with some bundles in his hands, was thrown from the step of the car and injured. The evidence did not develop the fact that there was anything unusual in the speed of the car, except that the plaintiff testified that there was a sudden jerk or quickening of the speed as the car rounded the curve and just before his fall.  As the court could not have held, as a matter of law, that the plaintiff was guilty of negligence, from the mere fact that he was on the platform or on the step (Suber v. Georgia, Carolina & Northern Ry. Co., 96 Ga. 42 (23 S. E. 387), and Augusta Southern R. Co. v. Snider, 118 Ga. 146 (44 S. E. 1005)), we assume that the learned trial judge based the nonsuit upon the idea that the plaintiff had no sufficient reason for going upon the platform at the time that he did, or that the danger was so obvious that the plaintiff's act defeated his cause of action.  We think that the question of negli-- gence, as to a passenger upon the platform of a moving train, is as much a question of fact to be determined by the jury as any other phase of the subject which may be presented in any action for personal injuries.  It is true that in reaching this conclusion we are confronted with two lines of decisions, apparently conflicting; but we think the proper rule was laid down in Suber v. Ga., C. & N. R. Co., supra, and Turley v. A., K. & N. R. Co., 127 Ga. 594 (56 S. E. 748, 8 L. R. A. (N. S.) 695).  As said by Chief

Baron Kelly in Siner *v.* Railway Co., L. R. 3 Exch. 150, 156: "A railway company [is] not entitled to expose any passenger to the · necessity of choosing between two alternatives, neither of which he can legally be called upon to choose, namely, either to go on, or to take his chance of danger and jump out; and if they do so their choice is made at their peril. I agree that if it can be clearly seen by the passenger that the act must be attended with injury, it may then be fairly contended that he is not entitled to choose this obviously and certainly dangerous alternative." Judge Thompson, in his Commentaries on the Law of Negligence (Vol. 3, § 2878), referring to Baron Kelly's dissenting opinion, says, it "is probably now recognized as a more correct exposition of the law than the views of the majority of the court in that case," and gives many citations of authority sustaining Chief Baron Kelly's holding. "The weight of modern authority seems to sustain the view that an attempt by the passenger to alight from a railway train while it is passing a place at which it should stop to enable him to alight, or at which it has failed to stop a reasonable time to permit him to leave it, will not, as a matter of law, be considered a negligent act, unless the attending circumstances so clearly show that he acted imprudently or rashly that reasonable minds could fairly arrive at no other conclusion, and that the question whether the act of the passenger in so attempting to alight from the train was negligent, that is, whether he exercised for his safety that degree of care and caution which a person of ordinary prudence would be expected under like circumstances to exercise, must ordinarily be submitted to the jury." 3 Hutch. Car. (3d ed.) § 1179. There can be no difference in the rule as affecting one who intends to board a train and as to one who intends to alight therefrom, where the passenger is attempting to do something either toward taking passage upon a car or disembarking therefrom. But in the present case the plaintiff was not attempting to alight, for he had not quite reached his destination. His presence upon the step was, at most, but preparation to alight when the point should be reached at which the car ought to have been stopped, and, according to his statement, his being thrown from the car was not caused by any effort upon his part to alight, but by a sudden jerk or increase of speed in the running of the car.

In the *Suber* case, supra, Chief Justice Simmons draws the distinction between the cases of *McLarin* v. *Atlanta & W. P. R. Co.*, 85 *Ga.* 504 (11 S. E. 840), *Coleman* v. *Georgia R. Co.*, 84 *Ga.* 1 (10 S. E. 498), and *Barnett* v. *East Tenn. Ry. Co.*, 87 *Ga.* 766 (13 S. E. 904), upon which the learned counsel for the plaintiff in error relies, and in which it was held, as a matter of law, that the negligence of the plaintiff necessarily defeated recovery, and those cases (of which we think the case at bar furnishes an instance) in which the jury alone are to determine whether the passenger, under the peculiar circumstances of the case, or on account of the reason for his act, was properly upon the platform of a passenger-car, and whether his presence there is to be construed as negligence.

The evidence of the plaintiff in the present case authorized the inference that the defendant company was negligent in two particular respects: (1) in the failure of the conductor to give the necessary signal to stop the car, and the consequent failure of the motorman to diminish its speed so that it might be stopped at the plaintiff's destination; (2) in the failure of the motorman to reduce the speed of the car preparatory to turning the curve, whereby the violent jerk which threw the plaintiff off the car was probably caused. We think that these inferences might be authorized, without intending to intimate that the jury would be compelled to infer that the defendant company was negligent in either of these respects. If it be conceded that the defendant company was negligent in any respect, as alleged in the petition, the next question which arises is, whether the plaintiff could, by the exercise of ordinary care, have avoided the consequence of the defendant's negligence. Nothing is better settled than that what does or does not constitute such negligence as will preclude a recovery is peculiarly a question for the jury. The rule more peculiarly applicable to the case now under consideration is that unless the danger is obviously great, the court can not hold, as a matter of law, that a given act constitutes such negligence as will preclude a recovery,. *Suber* v. *G., C. & N. R. Co.*, supra. *Coursey* v. *Southern Ry. Co.*, 113 *Ga.* 297 (38 S. E. 866); *Mack* v. *Savannah & Statesboro Ry. Co.*, 118 *Ga.* 629 (45 S. E. 509); *Augusta Southern R. Co.* v. *Snider*, 118 *Ga.* 146 (44 S. E. 1005); *M. & B. R. Co.* v. *Anderson*, 121 *Ga.* 666 (49 S. E. 791); *Tur-*

*ley* **v.** *A., K. & N. R. Co.,* supra; *Central R. Co.* v. *Forehand,* 128 *Ga.* 547 (58 S. E. 44). In these cases the question related to passengers upon railway trains, but if it be true that the mere presence of a passenger upon the platform of a train, or even his attempting to alight from a moving train is not negligence per se, it would seem to be true a fortiori of a passenger on an ordinary street-car, operated upon the streets of a city, and necessarily run at a lower rate of speed than the passenger trains of railroad companies. In *Augusta Southern R. Co.* v. *Snider,* supra, the Supreme Court held that the rule of negligence applicable to a passenger attempting to alight from a moving train is also applicable to passengers on the platform not attempting to alight. This rule would seem to be peculiarly sound when applied to passengers upon street-cars, for the reason that in a case where a passenger may intend to transfer from one line to another, he may not have determined the exact point at which he will disembark from one car to take another; and it may frequently be necessary for him to go upon the platform to ascertain the point from which he can most expeditiously reach his destination.

2. Under the undisputed evidence in the present case, the passenger had notified the conductor that he desired to leave the car at a certain street corner, where the cars stopped. The conductor was eating his dinner, and continued to eat, until the car was near the passenger's destination, but no signal was given to the motorman to stop, nor any warning to the passenger that he should make preparation to alight. The passenger had a number of bundles, and went out on the platform, and thence to the step of the car. He had the right to presume that the conductor would even yet notify the motorman to stop at the proper place. While standing upon the step, and when within twenty-three feet of the usual stopping place, the car was suddenly jerked and its speed increased, and he was thrown to the ground, and, according to his testimony, painfully injured. Under the facts in evidence, the cause was not one for the determination of the court, and should have been submitted to the jury; it was therefore erroneous to award a nonsuit.                    *Judgment reversed.*