### 4057. MACON RAILWAY & LIGHT CO. *v.* CASTOPULON.

1. It is not contributory negligence per se for a person to alight from a moving street-car; but the question whether the person alighting was guilty of contributory negligence would depend upon the rate of speed, the place, and other circumstances.

2. The evidence in the present case is not clear as to whether the plaintiff

was injured while attempting to alight from a car that was actually moving, or whether, while he was in the act of alighting, the car suddenly moved and threw him to the ground. In either event the question of his contributory negligence, and that of the negligence of the defendant company, were questions exclusively for determination by the jury, and the evidence is sufficient to support the verdict for the plaintiff.

DECIDED JUNE 5, 1912.

Action for damages; from city court of Macon—Judge Hodges. February 16, 1912.

*Ellis & Jordan,* for plaintiff in error.

*Napier & Maynard,* contra.

HILL, C. J. The plaintiff recovered a verdict for $400 for personal injuries received by him while alighting from a street-car in the city of Macon. The defendant made a motion for a new trial, based upon the general grounds, which was overruled, and the case is before this court solely on questions of fact.

The evidence in behalf of the plaintiff shows that he boarded the defendant's street-car, for the purpose of going to Crump's park, a pleasure resort near Macon. He asked the conductor if that car was going to Crump's park, and the conductor told him it was not, that he would have to take a Vineville car, and he replied that he would get off, and the conductor said, "All right. Get out and catch the Vineville car." He put his foot on the ground. The car was going, and it threw him down, and his arm was broken by the fall. The evidence is not clear as to whether the car was moving when the plaintiff attempted to alight, and whether his foot coming in contact with the ground threw him, or whether, while he was in the act of alighting, the car moved immediately and the motion threw him down. It is insisted on the part of the railway company that the only reasonable inference to be drawn from the evidence of the plaintiff is that he attempted to get off the car as it was actually moving, and that in doing so he was guilty of such contributory negligence as would bar his right to recover. It may be stated that the only evidence as to the manner in which the injury occurred was that of the plaintiff himself. The only witness for the defendant was the conductor, who testified positively that no such incident occurred as was narrated by the plaintiff.

The question was exclusively for determination by the jury. A careful examination of the plaintiff's evidence raises a reasonable inference that he may have been injured by the sudden motion of

the car while he was attempting to alight therefrom. But it may be conceded that the car was actually moving when he attempted to alight, and yet this fact would not be per se such negligence as would prevent a recovery. The earlier cases, in many instances, recognized the principle of negligence per se in alighting from a moving train, but modern authority to a great extent has supplanted that doctrine with broader views upon the question; and it is now generally held, and especially by the courts of this State, that it is not contributory negligence per se for a person to alight from a moving street-car, but the question of whether the person so alighting was guilty of contributory negligence depends upon the rate of speed, the place, and other circumstances. In the case of *Myrick* v. *Macon Ry. & Light Co.,* 6 *Ga. App.* 38 (64 S. E. 296), this court quotes with approval the statement of Judge Thompson in his Commentaries on the Law of Negligence (Vol. 3, § 2878), that "The weight of modern authority seems to sustain the view that an attempt by the passenger to alight from a railway train while it is passing a place at which it should stop to enable him to alight, or at which it has failed to stop a reasonable time to permit him to leave it, will not, as a matter of law, be considered a negligent act, unless the attending circumstances so clearly show that he acted imprudently or rashly that reasonable minds could fairly arrive at no other conclusion, and that the question whether the act of the passenger in so attempting to alight from the train was negligent, that is, whether he exercised for his safety that degree of care and caution which a person of ordinary prudence would be expected under like circumstances to exercise, must ordinarily be submitted to the jury." See, also, 3 Hutch. Carriers (3d ed.), § 1179.

We think that this applies more clearly to attempts to alight from moving street-cars than from cars propelled by steam; and the fact that, in attempting to alight from a moving street-car, the passenger was encouraged to do so by the direction of the conductor in charge, would be a strong circumstance supporting the view that the act did not amount to negligence. Certainly, under the facts in this case, the question was clearly one of fact, to be determined exclusively by the jury; and it is equally clear that the conclusion at which the jury arrived is not unsupported by the evidence or reasonable inferences therefrom.

*Judgment affirmed.*