## 5780. SAVANNAH ELECTRIC CO. v. FOSTERLING.

1. Where a contention of a party to a suit, set forth in his pleadings, is not supported by evidence, it is not only not incumbent upon the court to charge specifically upon that subject, but it is error to do so.

2. The evidence was not such as to require a specific submission to the jury of the issue that "the plaintiff could not recover if his injuries were due to the fact that he went upon the platform of the street-car when there was no necessity therefor, and under such circumstances that it was negligence for him to go thereupon;" nor was the evidence such as to require an instruction to the jury that "if the plaintiff, without cause or good reason therefor, went upon the platform at a time and under such circumstances as that the going would constitute negligence, and the plaintiff's injuries were caused thereby, the jury would be authorized to find for the defendant." The proximate cause of the plaintiff's injury was the sudden jerking and lurching of the car, caused by the negligence of the defendant's motorman, after the plaintiff had gotten upon the platform, and the consequences of this negligence—the throwing of the plaintiff from the car, thereby causing his injuries—could not have been avoided after it became existent and operative.

3. Construed in connection with the entire charge there was no error in any of the excerpts therefrom of which complaint is made in the motion for a new trial.

4. The evidence strongly authorized the verdict.

DECIDED APRIL 20, 1915.

Action for damages; from city court of Savannah—Judge Davis Freeman. April 25, 1914.

*Osborne & Lawrence,* for plaintiff in error.

*Oliver & Oliver,* contra.

BROYLES, J. G. E. Fosterling sued the Savannah Electric Company for alleged injuries received by him while a passenger on one of the cars of the defendant. The jury found for the plaintiff. Motion for a new trial was made and overruled by the court, and the defendant excepted.

1. Where a contention of a party to a suit, set forth in his pleadings, is not supported by the evidence, it is error for the court to charge specifically upon that subject. *Wylly* v. *Gazan,* 69 *Ga.* 507 (3, 4) ; *Livingston* v. *Hudson,* 85 *Ga.* 835 (8), 836 (12 S. E. 7) ; *Robinson* v. *Stevens,* 93 *Ga.* 535 (21 S. E. 96) ; *Heard* v. *Coggins,* 134 *Ga.* 52 (67 S. E. 429) ; *Southern Railway Co.* v. *Parham,* 10 *Ga. App.* 531 (4), 538 (73 S. E. 763). In this case the contention of the defendant in its answer, that the plaintiff's injury was due to his own negligence and want of care, in attempting to alight in a negligent manner from a moving car, was not supported by any evidence. Upon this point counsel for defendant in error, in their brief, make the assertion that "during the trial of this case, no contention was made that the plaintiff was seeking to alight from a moving car; it did not occur to counsel for either party, or to the court, that the testimony could be construed into any such contention." This assertion was not denied in the reply brief of counsel for plaintiff in error. We have carefully searched the record but can discover no evidence which would have authorized the jury to find that the plaintiff, at the time he was injured, was attempting to alight from a moving car. And hence the court did not err in failing to present this issue specifically to the jury, or in failing to charge thereupon. None of the decisions cited by counsel for the plaintiff in error are in conflict with this ruling. In *Georgia Railway & Electric Co.* v. *Baker,* 1 *Ga. App.* 832 (58 S. E. 88), which is especially stressed in their reply brief, the holding on this point is as follows: "It is error for the court to omit to charge

the principles of law applicable to proper contentions of either party to a cause, where such contentions are authorized by the pleadings and are *sustained by testimony* [italics ours], and thus become issues in the case."

2.  Counsel for plaintiff in error, in the 3d and 4th grounds of the motion for a new trial, complain that the court did not submit to the jury the issue that the plaintiff could not recover "if his injuries were due to the fact that he went upon the platform when there was no necessity therefor, and under such circumstances that it was negligence for him to go thereupon;" and that "the court did not instruct the jury that if the plaintiff, without cause or good reason therefor, went upon the platform at a time and under such circumstances as that the going would constitute negligence, and the plaintiff's injuries were caused thereby, the jury would be authorized to find for the defendant." In our opinion the evidence in this case was not such as to require a specific submission of this issue, or that such instructions be given to the jury. The evidence was that Fosterling was a passenger upon a car of the defendant company; that he was in a closed street-car, about 9 or 10 o'clock at night; that as the car was approaching a sharp curve (described by some of the witnesses as a "right-angle curve"), he arose from his seat in the car and stepped through the door upon the front platform; that he tapped the motorman upon the back and told him that he wished to get off at Charlton street, which was some two or three blocks distant; that the car was then moving at a speed of from five to twelve miles an hour (as testified to by different witnesses) ; that the motorman turned and saw Fosterling, and, according to his (the motorman's) own testimony, saw his condition and knew that if the car "hit the curve," the slightest sway of the car would throw Fosterling off, unless he held on to something; and yet he released the brakes, put on two more points of current, and "hit the curve" with such speed that the car jerked and lurched, threw Fosterling from the top of the platform and caused his injury. There was some evidence on the part of the defendant that Fosterling was partially intoxicated, but on this point there was sufficient rebutting evidence to authorize the jury to find that he was not under the influence of intoxicants on the night in question, he having drunk only three glasses of beer. According to common repute, it would be a most extraordinary occurrence if any

citizen of Savannah became intoxicated after having imbibed only three "beers." However, as this observation of ours is based entirely upon hearsay, and possibly prejudiced testimony, we withdraw it, and apologize for having made it. In this case, though, it is immaterial whether Fosterling was partially intoxicated or entirely sober; it was the defendant's duty, while he was a passenger upon its car, to use extraordinary care to protect him and prevent him from being injured, whatever his condition may have been. According to the great preponderance of the evidence, no such care was exercised; on the contrary, as shown by the testimony of the defendant's own motorman, the negligence of the motorman in releasing the brakes, in putting on more current, and in entering upon the curve with such speed as to cause the car to jerk and lurch, *after* he saw the plaintiff's dangerous position upon the platform, was the proximate cause of the plaintiff's injury. Going upon the platform of a street-car, moving at the rate of from five to twelve miles an hour (as the record shows this car was moving), is not negligence per se for a passenger. Going and standing upon the platform of a street-car is quite different from going and standing upon the platform of a railway-car. The railway-train travels ordinarily at a speed of from twenty to sixty miles per hour, and its stops are few and far between, as compared to those of a street-car. This court will take judicial cognizance of the fact that it is a common and ordinary thing for passengers on street-cars to go upon the platform, when the car is approaching their destination, for the purpose of quickly alighting when their destination is reached. Our courts have held, even as to railway-trains, that it is not negligence per se for a person to be upon the platform of a railway-car, or to attempt to alight from a railway-car, even when in motion. *Augusta R. Co.* v. *Snider,* 118 *Ga.* 146 (44 S. E. 1005); *Suber* v. *Ga., C. & N. Ry. Co.,* 96 *Ga.* 42 (23 S. E. 387); *Coursey* v. *Southern Ry. Co.,* 113 *Ga.* 297 (38 S. E. 866).

In *Myrick* v. *Macon Railway & Light Co.,* 6 *Ga. App.* 38 (64 S. E. 296), where a passenger went upon the platform of a street-car and stood upon the *step* before his destination was reached, and fell and was injured, the court said that he "was not attempting to alight, for he had not quite reached his destination. His presence upon the step was, at most, but preparation to alight when the point should be reached at which the car ought to have been stopped, and, according to his statement, his being thrown from

the car was not caused by any effort upon his part to alight, but by the sudden jerk or increase of speed in the running of the car." When a passenger is in a closed street-car, at night, as in the case at bar, it is often very difficult for him to determine when his destination has been reached; and, under such circumstances, for him to arise from his seat and go upon the platform, for the purpose of finding out where he is, and to notify the motorman that he desires to get off at a certain point, is not in itself negligence. And it is not necessary, under these facts, that the judge should charge specifically upon this point unless there has been a timely written request for him to do so, when he has substantially and correctly charged the principles of law involved. In this case there was no such written request, and the court's general charge upon the subject that the plaintiff must be free from negligence, and must exercise ordinary care, etc., was sufficient. Upon this subject the court charged as follows: "Now a plaintiff can not recover if the company shall make it appear that its agents have exercised extraordinary diligence, or if the injury to himself, is done by his consent, or is done by his own negligence, or if both parties were at fault and he, by the exercise of ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, if it was negligence." Again the court charged that "the plaintiff can not recover in case of personal injuries, no matter what the injury was, if the proof shows that he could, by the exercise of ordinary care, have avoided the consequences to himself caused by the defendant's negligence, if the defendant was negligent, or if the injury was caused by his own negligence." The court charged also: "If the company exercised the degree of care which was required of it by the law, in regard to the matters about which he [plaintiff] complains, or if he was not injured by its negligence, or if he was injured on account of his own negligence, or if he could, by the exercise of ordinary care and diligence, have avoided the consequences of the defendant's negligence, if it was negligent, then he can not recover." Again the court charged: "The [defendant] company would be liable if that negligence [the defendant's] was the proximate cause of the injury, provided, of course, that the plaintiff could not, by the exercise of ordinary care and diligence, have avoided the consequences of the defendant's negligence."

The only negligence which it was contended the plaintiff was guilty of was in going upon the platform, and hence all the excerpts from the charge relating to his alleged negligence, or want of ordinary care, could have referred to nothing else than his presence upon the platform. In the absence of a timely written request to charge more specifically upon this subject, we think the instructions of the court were sufficient. See *Seaboard Air-Line Ry.* v. *Andrews,* 140 *Ga.* 254 (3, 4) (78 S. E. 925, Ann. Cas. (1914D) 165); *Southern Ry. Co.* v. *Hill,* 139 *Ga.* 550 (5), 555 (77 S. E. 803); *Savannah Electric Co.* v. *Lackens,* 12 *Ga. App.* 765 (79 S. E. 53). The decisions cited by counsel for the plaintiff in error do not conflict with this ruling. In *Atlanta Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (49 S. E. 818), the 7th and 8th headnotes are as follows: "7. Under the pleadings and the evidence in this case, it was erroneous not to charge the principle that if the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence, she could not recover, although the court was not requested to so charge by the defendant." "8. The court should not only state the contention of a party to the jury, but should also state the law applicable to such contention." And in the opinion (p. 92), in discussing the error referred to in the 7th headnote, the court said: "Another ground of the motion for a new trial is, that the court erred in failing to charge the jury that if the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence, she could not recover. Under the evidence in this case, the court should have given this principle of law in charge to the jury, and this ground of the motion alone was sufficient to require the grant of a new trial." And on the point dealt with in the 8th headnote it was said (p. 93): "It is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contention. To state to the jury, as the court did, that the defendant contended that it had not been guilty of any neglect, and that if the plaintiff was hurt, it was done under such circumstances that the plaintiff, by the exercise of ordinary care and diligence, could have avoided any injury, if in fact she was injured, and that therefore the defendant was not liable, was far from being equivalent to charging the law laid down in the Civil Code, § 3830." The decision in that case does not conflict with our rul-

ing in the case at bar, for here the judge did charge the jury repeatedly that if the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence, he could not recover; and he charged also the law laid down in the Civil Code, § 4426 (formerly § 3830). In that case the judgment was reversed because the court did not charge the very principles of law which the court in this case did charge.

We have already pointed out, in another place, that the case of *Georgia Railway & Electric Co.* v. *Baker,* supra, is not in line with this case. The defendant, in its answer, did not specifically set up the defense that the plaintiff was guilty of negligence in going upon the platform of the car. However, the plaintiff having alleged that he was wholly free from fault, and this allegation having been denied by the defendant, the pleadings were sufficient to raise the issue as to whether the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence; and this principle was clearly and repeatedly charged by the court in this case.

We think that the charge of the court was more favorable to the defendant than the evidence warranted; for the jury evidently accepted the version of the transaction given by the plaintiff and the defendant's motorman; and if that be the truth, the immediate and proximate cause of the plaintiff's injury was the negligence of the motorman in increasing the speed of the car after he had seen the perilous position of the plaintiff on the platform, and just as he was about to enter upon a sharp and dangerous curve, thereby throwing the plaintiff from the platform and causing his injury, under such circumstances that the consequences of this negligence could not have been avoided after it became existent. Under this theory, the rule of law requiring the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence was not applicable. See *Savannah Electric Co.* v. *Lackens,* supra; *Georgia, Florida & Alabama R. Co.* v. *Sasser,* 4 Ga. App. 276, 283, 284 (61 S. E. 505).

3. The instructions complained of in the 5th, 6th, 7th, 8th, and 9th grounds of the amendment to the motion for a new trial are not objectionable, when considered in connection with the pleadings, the evidence, and the entire charge of the court. There was no error in any of them requiring the grant of a new trial. The

charge, as a whole, was, in our opinion, a full and fair presentation of the law applicable to the case and of the respective contentions of the parties.

4. The evidence in this case strongly authorized, if it did not demand, the verdict. When, to use a homely expression, we put all the evidence "in the pot" and "boil it down," what remains is the unmistakable fact that the plaintiff's injury was caused by the gross negligence of the defendant's motorman *after* the plaintiff had gotten upon the platform of the·car, and that this negligence occurred *after* the motorman saw and realized the plaintiff's· peril. Under any theory of the evidence, the jury were compelled to find that the plaintiff's injury resulted directly from this negligence of the motorman in increasing the speed of the car as it entered upon a sharp and dangerous curve, thereby causing the car to suddenly jerk and lurch; which threw the plaintiff from the platform and caused his injury.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed.*