[No. 20981.    Department Two.—October 13, 1893.]

## THE PEOPLE, RESPONDENT, *v.* C. MORPHY, APPELLANT.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—MISREPRESENTATION AS TO VALUE OF GOODS SOLD.—A false and fraudulent statement by a vendor of goods that he represented a first-class wholesale firm; that he had no rent or expenses to pay; and that he could and would sell goods twenty-five per cent cheaper than the goods could be bought elsewhere, whereas, in fact, he charged and received a higher price than the goods could be bought for elsewhere, does not amount to the offense of obtaining money under false pretenses within the meaning of the statute, it not appearing that the goods were not all they were represented to be as to character, quality and quantity, or that they were not sold at a fair price.

ID.—"TRICKS OF TRADE" NOT INDICTABLE.—"Tricks of trade," though immoral, are not intended to be included in the statute against obtaining money under false pretenses, where there is no false representation as to the character, quality or quantity of the merchandise.

ID.—INQUIRY OF CUSTOMERS AS TO VALUE OF GOODS—PRESUMPTION.—Customers who buy goods are presumed to have some knowledge of the value of what they purchase, and can always inquire before purchasing as to market value.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion.

*L. J. Maddux,* and *T. S. O'Donnell,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

TEMPLE, C.—This is a prosecution for obtaining money by false pretenses, and the defendant, having been convicted, appeals from the judgment.

The indictment was demurred to on the ground that it does not state facts sufficient to constitute a public offense; and after conviction a motion in arrest of judgment was made on the same grounds. The indictment charges defendant: "With intent to defraud one John F. Copeland of his personal property, did unlawfully, knowingly, and designedly falsely pretend and represent to the said John F. Copeland that he, the said C. Morphy, did then and there represent a first-class wholesale grocery firm in the city of San Francisco; that he had no rent to pay and no expenses to pay, and that he could and would then and there sell and deliver groceries to the said John F. Copeland at the town of Hickman, in said Stanislaus county, twenty-five per cent cheaper than they could be purchased in Modesto, Oakdale, or Stockton, and that all groceries sold by him would be of first-class quality and of full weight and quantity; and the said John F. Copeland then and there believing said false pretenses and representations so made as aforesaid by the said C. Morphy to be true, was thereby induced to and did then and there purchase a bill of groceries from the said C. Morphy, and pay to him therefor the sum of one hundred and eighty-four and fifty one-hundredths dollars, the said amount being then and there fifty dollars and over more than the same bill of groceries could then and there have been purchased for in Modesto, Oakdale, or Stockton." The indictment then proceeds, restating each representation, to charge that it was false and that the defendant knew it; that said Morphy could not and would not sell or deliver groceries at the town of Hickman cheaper than they could be purchased at Stockton, Oakdale, or Mo-

desto; that all groceries sold by him would not be first class or of full weight or quantity; that said Morphy then well knew that all and each of said representations were then and there wholly false and untrue; "and the said C. Morphy did then and there unlawfully, knowingly, and designedly, by reason of said false pretenses and representations aforesaid, deceive the said John F. Copeland, and thereby fraudulently obtain from him, the said John F. Copeland, fifty dollars and over, the personal property of the said Copeland, more than the said Copeland would otherwise have paid the said C. Morphy for the bill of groceries aforesaid."

The demurrer should have been sustained. It is very true that it might amount to false pretenses within the statute to falsely and fraudulently represent that one represented a prominent business house in San Francisco for the purpose of obtaining goods or money from another. This, however, is not that case. The representation was made simply by way of an argument to prove that he could sell goods cheaper than they could be bought at Stockton, Oakdale, or Modesto. This representation and the statement that he had no rent to pay were designed to induce his intended customer to rely upon his promise that he could and would sell cheaper than the goods could be bought for elsewhere. And it was evidently this promise which induced the prosecutor to deal with him. And the injury was not that goods or money was obtained without consideration, but that the promise was not kept, and in fact the goods could have been obtained cheaper at other places.

It does not appear from the indictment that the goods were not all that they were represented to be as to character, quality, and quantity, or that they were not sold at a fair price.

It may be conceded that representations calculated to make intending purchasers believe that a particular merchant can and will sell goods cheaper than others, when it is not so, do not rank very high in the scale of morality; but if the representations here are criminal

false pretenses, a crime is paraded in numerous show-windows in every city.   Perhaps this is not an argument of a very high order, but it does tend to prove that such "tricks of the trade" were not intended to be included in the statute where there is no false representation as to the character, quality, or quantity of the merchandise.   Customers are presumed to have some knowledge of the value of what they purchase, and can always inquire before purchasing as to market values.

I think the judgment should be reversed and the court directed to sustain the demurrer.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the court is directed to sustain the demurrer.

DE HAVEN J., McFARLAND, J., FITZGERALD, J.

Hearing in Bank denied.