EMANUEL BOASBERG v. PLATT B. WALKER and Others.[1]

July 15, 1910.

Nos. 16,651—(181).

Conspiracy.

No action lies for a conspiracy, unless it be shown either that the end

[1] Reported in 127 N. W. 467.

[Note] Expression of opinion as fraud, see note to Hedin v. Minneapolis Medical & Surgical Institute (Minn.) 35 L. R. A. 417.

sought to be accomplished by the conspirators was unlawful, or, if lawful, that the means resorted to for its accomplishment were unlawful.

**Same — complaint insufficient.**

Complaint *held* not to state a cause of action, within the rule.

**Opinion of value.**

Statements or representations as to matters of value are ordinarily regarded in law as mere expressions of opinion, and not assertions of existing facts upon which reliance may be had in acting thereon.

Action in the district court for Hennepin county against Platt B. Walker, Jr., E. C. Pickler, Frank V. Haven and Ezra Northfield to recover $10,000 damages for alleged conspiracy in procuring the vacation of a certain alley. The substance of the complaint is stated in the opinion. From an order, Brooks, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*G. A. Petri* and *F. H. Castner,* for appellant.

*George W. Armstrong,* for respondents.

Brown, J.

Appeal from an order sustaining a general demurrer to plaintiff's complaint.

The complaint alleges, in substance and effect, that on the dates and at the times therein named plaintiff was the owner of certain real property in the city of Minneapolis, the rear of which abutted upon a public alley; that he had erected a large tenement building thereon sufficient for occupancy by several families; that defendants Pickler, Haven, and Northfield are owners of property in the vicinity of that owned by plaintiff, abutting upon the same alley. The complaint further alleges that, subsequent to the erection of plaintiff's tenement house, these defendants, together with defendant Walker, a member of the city council, wantonly, maliciously, unlawfully, and wrongfully did conspire, combine, confederate, and agree together wilfully and maliciously to injure plaintiff and cause him to suffer irreparable pecuniary loss and damage, in this: That defendants Pickler, Haven, and Northfield signed and presented to the city council a petition in due form, requesting that body to

vacate a designated portion of the alley referred to, and as it extended along their property and also the property of plaintiff; that in the petition so presented defendants Pickler, Haven, and Northfield falsely and maliciously stated that the alley so to be vacated was of no value, that it would entail an expense of several thousand dollars upon the city to grade and fill the same, and that the petitioners constituted a majority of the property owners affected by the proposed vacation. It also alleges that defendants well knew these representations were false and untrue, that they well knew the alley was of great value to the property owners, and that it would not cost to exceed $300 to grade the same. It also alleges that the petition, so prepared and containing the representations referred to, was presented to the city council, and that defendant Walker immediately introduced a resolution vacating the alley and secured its adoption; that in doing this Walker fraudulently, falsely, and deliberately concealed from the other members of the council the true reason for vacating the alley, viz., to injure and damage the plaintiff. It also alleges, generally, that all the defendants deliberately concealed the facts from the city council, and that the members thereof were misled in adopting the resolution vacating the alley. Judgment was demanded for $10,000 damages.

Defendant Walker, defendants Pickler, Haven, and Northfield joining, interposed separate demurrers to the complaint, which were sustained.

No extended discussion of the subject of civil remedies for wrongs resulting from conspiracies need be entered into. It may be safely laid down as a general rule that to entitle a party to an action for a wrong thus committed it must be shown: (1) That the end sought by the conspirators was unlawful; or, if lawful, (2) that the means adopted for its accomplishment were unlawful. If the result to be obtained be lawful, and lawful means be adopted for its accomplishment, it is immaterial what motive prompted those engaged therein, and no action lies against them. In the case at bar plaintiff does not by his allegations bring the action within the rule. The end sought by the defendants, the vacation of the alley, was lawful, and they applied to the proper tribunal for relief. But it is con-

tended that the means employed by defendants were unlawful. In this respect the complaint alleges that defendants falsely and maliciously stated in the petition that the alley was of no value; that it would entail an expense of several thousand dollars upon the city to grade it, and that the petitioners constituted a majority of the property owners who would be affected by the vacation. It further alleges that these statements and representations were false and untrue, and so known to be by defendants. These allegations do not bring the case within the rule.

The charge that defendants falsely represented that they constituted a majority of the property owners is not sustained by the record. The petition for the vacation of the alley was made a part of the complaint, and no such representation appears therein, and it is not claimed that the particular representation was otherwise made than in the petition. The other statements in the petition, to the effect that the alley was of no value and that the grading thereof would involve the city in considerable expense, are expressions of opinion, and not assertions of existing facts which would naturally tend to mislead or deceive the city council, and are not, therefore, within the meaning of the law, unlawful. The rule applicable to cheating and false pretenses is analogous, and controls this particular branch of the case.

It is held in cases involving representations of that kind that opinions as to value are not wrongful or unlawful, and create no offense against the person who expresses the same. People v. Jacobs, 35 Mich. 36; People v. Morphy, 100 Cal. 84, 34 Pac. 623; State v. Paul, 69 Me. 215; 19 Cyc. 398. Not, therefore, being of a nature, from the view-point of legal principles, naturally to deceive, or upon which reliance might be had, representations of that kind are not unlawful.

In the case at bar the question whether the alley was of any value to adjoining property owners was naturally one upon which all would not concur. That it would cost the city a considerable amount to improve the alley was also mere opinion upon which parties might differ, and the assertion thereof would constitute no justification to the city council in vacating the same.

Order affirmed.