## CHARLES BRODY v. EDWARD M. FOSTER.[1]

### July 14, 1916.

### Nos. 19,862—(220).

**Vendor and purchaser — false representation as to value and as to selling price.**

1. A false representation by a vendor of real estate as to its value is usually a mere statement of opinion and not actionable; but a false representation as to the prices received on specific sales and the amounts of specific offers for similar property in the same locality, coupled with a false representation as to the general selling price, are actionable.

**Same — finding sustained by evidence.**

2. The evidence justified a finding that fraudulent representations of the character stated were made by the defendant to the plaintiff upon an exchange of properties.

**Verdict not excessive.**

3. The verdict for the plaintiff was not excessive.

**Recovery of interest.**

4. In an action for damages for deceit, where the measure of damages is the difference between the value of that with which the plaintiff parted and the value of that which he received in exchange, interest is recoverable from the date of the transaction.

Action in the district court for Hennepin county to recover $3,200 for false representations made to plaintiff upon the exchange of certain

[1]Reported in 158 N. W. 824.

properties. The case was tried before Molyneaux, J., and a jury which‑ returned a verdict for $3,616. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Walter Whiton,* for appellant.

*H. V. Mercer & Co.* and *C. G. Krause,* for respondent.

SCHALLER, J.

Action of deceit for damages for false representations made by defendant to plaintiff upon the exchange of certain properties. Plaintiff had a verdict and defendant appealed from the order denying his motion for judgment notwithstanding the verdict or for a new trial.

1. Plaintiff exchanged two lots in Minneapolis and certain household furniture for a 12-acre tract outside the city limits, owned by defendant. He claims that he was induced to make the sale by fraud. His claims are that the defendant falsely represented the prices at which certain sales had been made, and the amounts of specific offers for similar property in the vicinity, and misrepresented the general selling price.

Fraud cannot ordinarily be predicated upon a misrepresentation of value made by the vendor to the vendee. Adan v. Steinbrecher, 116 Minn. 174, 133 N. W. 477; Boasberg v. Walker, 111 Minn. 445, 127 N. W. 467; 3 Dunnell, Minn. Dig. §§ 8590, 10,060. It is understood that such statements are expressions of opinion, made to induce a sale; that the vendor is likely to exaggerate; that they are trade talk, and that they do not justify reliance. Statements of the prices for which specified lands of similar kind in the locality have been sold, and of the amounts of offers made for designated tracts, coupled with a general statement of prevailing selling values, are, we think, representations of fact upon which fraud may be based. Kertz v. Dunlop, 13 Ind. 277; Conlan v. Roemer, 52 N. J. Law 53, 18 Atl. 858; Smith, Kline & French Co. v. Smith, 166 Pa. St. 563, 31 Atl. 343. The principle is much the same as that involved in cases where it is sought to charge the vendor in fraud for false statements as to the price paid or offers made for the property sold to his vendee. The authorities upon this point are not in harmony (Smith, Law of Fraud, § 35; 1 Page, Contracts, § 105; 14 Am. & Eng. Enc. (2d ed.) 127;

39 Cyc. 1274; note 35 L.R.A.(N.S.) 186-189; 12 R. C. L. p. 284, § 49; note 8 Ann. Cas. 1062), but we think the conclusion which we reach is the better one.

2. The evidence is sufficient to sustain a finding of fraud in the making of the representations claimed. The plaintiff testified that they were made. The defendant denied that they were. The plaintiff's testimony was not so improbable that it could not be accepted. Whether the representations were made was a jury question.

3. The evidence justified a verdict in the amount returned. It tended to show that plaintiff's equity in the two lots and furniture was worth from $4,000 to $4,700. The value of the 12-acre tract, according to testimony which the jury were justified in crediting, was $3,600, though the defendant claimed it was worth $7,200. The plaintiff received $1,500 in cash. Altogether, accepting as true the evidence favorable to the plaintiff, he received $3,600 in land and $1,500 in cash. He parted with property worth from $4,000 to $4,700 and gave a note for $4,150 secured by mortgage upon the land received. The mortgage exceeded in amount the value of the property. The verdict was for $3,616. This included interest for something like two years and three months. The verdict might have been less, but we cannot say that it is excessive.

4. The plaintiff's damages were measured by the difference between the value of that with which he parted and the value of that which he received in exchange. Interest was recoverable from the date of the transaction. Jones v. Burgess, 124 Minn. 265, 144 N. W. 954.

Assignments of error not discussed are not of a character requiring specific mention.

Order affirmed.

HALLAM, J. (dissenting).

In my opinion the damages allowed in this case are excessive, and a verdict for the amount returned should not be allowed to stand. The amount of the verdict exceeds slightly the amount demanded in the complaint. The damages are predicated on a value of $3,000 for the Lake street lot. The evidence is undisputed that plaintiff was offering this lot for $1,800 at about the time he made the exchange with defendant.