## LEWIS H. VATH v. JOSEPH WIECHMANN AND ANOTHER.[1]

### July 27, 1917,

### Nos. 20,361—(178).

**Sale — fraud.**

1. This is an action on promissory notes. The defense is that the notes were given as purchase price on a sale procured by fraud. There is evidence sufficient to raise an issue that misrepresentations were made and that defendants suffered damage therefrom.

**Evidence — books of account — identification.**

2. Books of account of plaintiff, kept by the person in charge of his business, having every appearance of complete books of account, produced after testimony by plaintiff that he had books of account of the business and in response to a request to produce his books of account exhibited by him on other occasions as the books in which his records were kept, were sufficiently identified to be competent evidence against plaintiff.

**Sale — misrepresentation of material fact.**

3. A representation, in negotiations for sale, that the property has never been offered for sale for less than $5,000, when in fact an option to buy has been given for $1,400, is a misrepresentation of a material fact. Statement of opinion as to value does not ordinarily constitute actionable fraud.

[1]Reported in 163 N. W. 1028.

Action in the district court for Stearns county to recover $2,500 upon 10 promissory notes. The case was tried before Roeser, J., who at the close of the testimony granted plaintiff's motion for a directed verdict, and a jury which returned a verdict for $2,000. From an order denying their motion for a new trial, defendants appealed. Reversed.

*J. B. Himsl* and *R. B. Brower,* for appellants.

*Donohue & Stephens* and *J. D. Sullivan,* for respondent.

HALLAM, J.

Plaintiff was the proprietor of a commercial school in Watertown, South Dakota. He sold the school and its equipment to defendant Joseph Wiechmann for $5,000. Joseph gave notes for the amount signed by himself and defendant Frank H. Wiechmann. Plaintiff brought suit on some of these notes. Defendants answered alleging that the sale was induced by fraud and also that he broke his contract in one particular. Other defenses are alleged but they are not important. At the close of the testimony the court directed a verdict for plaintiff on plaintiff's agreeing to allow the damages claimed for breach of contract. In other works, the court held that there was no proof for submission to the jury on the question of fraud. Defendants appeal.

1. We think the court erred. The proof of fraud may not have seemed satisfying to the court. It is not strong. In a letter written by defendant Joseph long after the fraud, if any, should have been discovered, he made no mention of the fraud and talked of paying the notes. We think, however, this was not conclusive against defendants and that there was some evidence of fraud and of damages which should have been submitted to the jury.

On the case made, there was evidence of fraud on the following points:

There is evidence that plaintiff represented that 70 students were enrolled in the school for nine months, and that this was not true.

There is evidence that plaintiff represented that the gross receipts of the school were $5,000 a year and the net profits $2,000. There is evidence that these statements were untrue.

These were representations of material facts, there is evidence that defendants acted on them, and if untrue, the jury might have allowed damages for the fraud.

2. The evidence as to the untruthfulness of these statements is mainly the alleged books of account of plaintiff. It is quite clear that, if these books are a true record of plaintiff's business, they furnish evidence that the above representations made were untrue. The court held that the books had "not been identified as being such records as ought to bind Mr. Vath." They did not, of course, conclude plaintiff but we think they were sufficiently identified to be evidence against him. The books consisted of a receipt book, blotter, journal and ledger. They were kept by plaintiff's wife. She had charge of the school. Her testimony was not available to defendants for the purpose of identifying them. While plaintiff was on the stand he testified that he had books of account of the school and was asked to produce them. These were the books he produced. He said that as far as he knew they were all of the books of account. They were the books he claimed to have exhibited to defendant Joseph for his inspection when he bought the school, and plaintiff testified that he then told defendant they were "the set of books we kept" and "the books of the school that we kept our records." They were received in evidence without objection. It is true plaintiff tried to discredit the books. They may not have been correct or complete. Even the proprietor of a commercial school may not keep correct books, but we think it fairly appears that these were the regular books of account kept in plaintiff's business and that they were competent evidence against plaintiff.

3. We think too that the alleged representation that the plaintiff had never offered the property for less than $5,000, if it was made, and if as claimed by defendants an option had been given for the sale of the property for $1,400, was a misrepresentation of a material fact. On this point we are impressed with the reasoning in Stewart v. Lester, 49 Hun, 58, 1 N. Y. Supp. 699.

If the representations of fact were true, the alleged representations of value were mere statements of opinion and did not constitute actionable fraud, within the rules well recognized in this state. See Columbia Electric Co. v. Dixon, 46 Minn. 463, 49 N. W. 244; Adan v. Steinbrecher, 116 Minn. 174, 178, 133 N. W. 477; Brody v. Foster, 134 Minn. 91, 92, 158 N. W. 824, L.R.A. 1916F, 780.

We impress the fact that this sale was never rescinded and that defendants' right to relief depends on his proof of fraud and damages resulting therefrom.

Order reversed.