JERRY ROGERS v. CENTRAL LAND & INVESTMENT COMPANY.[1]

June 7, 1918.

No. 20,844.

**Vendor and purchaser — action to rescind for fraud — evidence.**

In this action brought to recind a contract on the ground of fraud, it is *held* that the evidence does not sustain a finding that plaintiff relied on a representation that the land to be sold to him was cut over land, or a finding that a representation that the land was of a certain value was false.

Action in the district court for Wright county to rescind a contract on the ground of fraud. The answer specifically denied that the persons named in the complaint ever were the agents of defendant; and alleged that the transaction between plaintiff and defendant in respect to the property described was conducted by defendant in a fair and honest manner and without any misrepresentation or deceit. The case was tried before Giddings, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which answered the special questions set out in the second paragraph of the opinion. The court made findings and ordered judgment in favor of plaintiff as stated in the same paragraph. From an order denying its motion for a new trial, defendant appealed. Reversed.

*J. B. Pattison* and *R. B. Brower,* for appellant.

*Orren E. Safford* and *R. D. Barrett,* for respondent.

[1]Reported in 168 N. W. 16.

Bunn, J.

This action was brought to rescind a contract made July 10, 1915, between plaintiff and defendant, by the terms of which contract defendant agreed to sell and convey to plaintiff a section of land in Luce county, Michigan. The contract price was $25 per acre, a total of $16,000, payable $5,500 in cash, the balance at the rate of $700 per year payable annually in July of each year beginning in 1920 and ending in 1934. The cash payment of $5,500 was satisfied by plaintiff conveying to defendant his 80-acre farm in Wright county, Minnesota, valued in the deal at $100 per acre, subject to mortgages aggregating with accrued interest $2,300, defendant paying plaintiff $200 in cash. Plaintiff executed the 15 notes that evidenced the deferred payments, and the transaction was completed about the time the contract bears date. The ground upon which plaintiff seeks to rescind is fraud.

On the trial the court submitted to the jury special questions covering the only two claims of fraud which the evidence was considered to support. These claims were: (1) That defendant's agent falsely represented to plaintiff that the section of Michigan land it was proposed to sell him was "cut over" land; (2) that he falsely represented that the value of the land was $25 per acre. The jury answered all the special questions in favor of the plaintiff, finding that each of the representations mentioned was made; that each was false; that plaintiff did not know prior to July 10, 1915, that the land was not "cut over" land; that each representation was made with intent to deceive plaintiff, and that he was deceived by each, relied thereon, and was induced thereby to make the deal. The jury was not required to find a general verdict. The court made findings in favor of the plaintiff, incorporating therein the answers of the jury, and as conclusions of law required defendant to execute and deliver to plaintiff a special warranty deed conveying the Wright county farm and to surrender the contract for the Michigan land and the notes given for the deferred payments, upon receipt from plaintiff of the sum of $2,281.75, being disbursements made by defendant on account of the mortgages on the farm, less rent received. Defendant appeals to this court from an order denying its motion for a new trial.

The sole contention of defendant on this appeal is that the findings of the jury on the issues submitted, and the findings of the court based upon

those of the jury, are not sustained by the evidence. A careful examination of the record brings us to the conclusion that this claim is well founded.

As to the claim of false representations by defendant's agents that the land was "cut over" land, and plaintiff's belief that he was buying cut over land. We may concede that there is evidence that this representation was made. But before the deal was closed plaintiff went to Michigan with a party conducted by the agent of defendant, to look at the land. Section 21 was the land it was proposed that plaintiff should take. He did not examine this section, but did examine section 20, adjoining it. This section was not cut over, but was covered with timber. While plaintiff states repeatedly that he was told and understood that he was to get cut over land, it appears almost conclusive from his testimony, taking it as a whole, that he was told and fully understood that the section he proposed to buy was very similar to the section examined, covered with timber. He admits that he understood that the timber belonged to a third person, with the right to cut it, and that if he, plaintiff, wished to cut the timber, he would be paid for his work by the owner, and could get the work done at a mill that was on the land he examined. The contract recites that the land is sold subject to "timber cutting rights of Upper Michigan Land Company, or its assigns," and plaintiff agrees not to cut or remove any of the standing timber upon the land, except such as might be needed for fire wood or for building on the land. In short, the evidence wholly fails to sustain the findings of the jury and the court that plaintiff relied on the representation that he was to get cut over land, so believed, or was thereby induced to enter into the contract.

It is admitted by defendant that its agent stated to plaintiff that the Michigan land was worth $25 per acre, which was the price plaintiff agreed to pay. Two difficulties are in the way of sustaining the decision on the ground of false representations as to value. The first is the general rule that representations of value are mere statements of opinion and do not constitute actionable fraud. Vath v. Wiechmann, 138 Minn. 87, 163 N. W. 1028, and cases cited. It is doubtful if the facts take the case out of the rule stated, and bring it within exceptions to this rule such as recognized in Brown v. Andrews, 116 Minn. 150, 133

N. W. 568; Adan v. Steinbrecher, 116 Minn. 174, 133 N. W. 477; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965; and Schmidt v. Thompson, 140 Minn. 180, 167 N. W. 543.

But the other difficulty makes a new trial necessary. The evidence that the land sold to plaintiff was not of the value represented is too weak to sustain the finding that the representation was false. The evidence on this issue produced by plaintiff was the testimony of a Minneapolis real estate man who had visited and examined Michigan land in the vicinity of the section involved here. He knew nothing about what sales there had been, or what prices had been received. He admitted that the land, when cleared, was good agricultural land of the clay loam type of soil. His estimate of the value, based on such knowledge as he had, was insufficient in our judgment to show the falsity of the representation as to value, in view of the evidence offered by defendant as to prices which lands in the vicinity had been sold for.

Though it be true that plaintiff was not a man of average intelligence and that he had recently taken a cure for the liquor habit, it was still necessary for him to prove by a fair preponderance of the evidence that he was defrauded before he could secure a rescission of the transaction. This, in our opinion, he failed to do.

Order reversed and new trial granted.