## HICKS v. GEORGIA SOUTHERN & FLORIDA RY. CO.

1. A promise by a conductor to a passenger to stop a train when it arrived at a station at which it was not scheduled to stop, so as to allow the passenger to alight thereat, accompanied by a direction "to be out on the platform ready to get off," did not warrant the passenger, except at his own risk, in leaving his seat in a car and going out on the platform thereof, when the train was rushing by the station at a high rate of speed (in the present instance, forty-five miles an hour), and there was no slackening of its speed or anything indicating an intention by the persons in charge of it to bring it to a stop.
2. The evidence introduced for the plaintiff showing affirmatively that the injuries of which he complained were caused by his own gross negligence, the court was right in granting a nonsuit.

Argued February 18, — Decided March 17, 1899.

Action for damages. Before Judge Felton. Houston superior court. April term, 1898.

*Nottingham & Polhill* and *R. H. Culverhouse*, for plaintiff.
*R. C. Jordan*, for defendant.

SIMMONS, C. J.    The Georgia Southern and Florida Railway Company ran an excursion-train, for passengers, from Macon, Ga., to Beach Haven, Ga. The train was scheduled to run between these two points without stopping. Hicks purchased a ticket for the round trip, expecting, he claims, to stop at an intermediate station on the way out. The train did not stop at this station, but carried him on to Beach Haven. According to his statement, when the train was about to return to Macon, he approached the conductor and requested that on the way back the train be stopped at the intermediate station in order that he might get off; the conductor promised him to stop, and told him to be out on the platform ready to get off when the train reached his station. In approaching this station the train ran rapidly, and Hicks became apprehensive that it would not stop. He left his seat, walked to the platform, took

hold of the iron railings, placed one foot on the first step and had one upon the platform as the train ran by the station. The train, according to the evidence of Hicks, was going at a rate of not less than forty-five miles an hour at that time. When he discovered that the train would not stop, he undertook to return to the car, and in doing so he was thrown to the ground by a movement of the train and seriously injured. Hicks brought suit against the railway company. Upon the trial of the case the above facts appeared from the evidence offered by the plaintiff, and the court granted a nonsuit.

In our opinion, the evidence of the plaintiff showed affirmatively that he was guilty of gross negligence. Although the conductor may have promised him to stop at the station where he desired to leave the train and may have told him to be out on the platform ready to get off, as a prudent man he must have known that when a train is going at the rate of forty-five miles an hour, with no indication of a slackening of its speed, it would be exceedingly dangerous for any person to go upon the platform and commence to descend the steps or even to remain standing upon the platform. Had the conductor been present and told the passenger to descend the steps and jump from the train and that it would be safe to do so, and he had jumped and been injured, he could not have recovered, because it was manifestly dangerous and no prudent man would have considered it otherwise. Where a man has been guilty of gross negligence and is injured by the running of a train, he is not entitled to recover, although the company may have been negligent. In this case the passenger relied on a promise to stop which the conductor had no authority to make, and complied with directions to do what was obviously unsafe and dangerous. The trial judge therefore committed no error in granting a nonsuit. See *Barnett* v. *Ry. Co.*, 87 *Ga.* 766.

*Judgment affirmed. All the Justices concurring.*