## CARITHERS *v.* LEVY.

1. An answer to an action upon a promissory note which was given for the purchase of property, containing in substance the following allegations, set forth a good defense: The property for which the note was given was of considerably less value than the price agreed upon and included in the note; the defects were not patent; the defendant was induced to sign the note by false and fraudulent representations on the part of the plaintiff as to the value and character of the property; the defendant was

thereby deceived and defrauded, and in due time made an offer to rescind.
2. Applying the above to the answer and the amendment thereto, upon which the trial judge passed in the present case, it was, upon the demurrer filed by the plaintiff, error to strike the same.

Submitted July 21,—Decided August 8, 1900.

Complaint. Before Judge Reese. Madison superior court. October 31, 1899.

*J. E. Gordon* and *Z. B. Rogers*, for plaintiff in error.
*J. F. L. Bond*, contra.

LEWIS, J. This was a suit brought by Mrs. D. Levy against J. S. Carithers upon a promissory note for $900 principal, besides interest and attorney's fees. The petition also sought the establishment of a special lien upon a tract of land which the maker had given for the purpose of securing the note. In answer to the suit the defendant stated, in substance, that the note was procured by fraud and fraudulent representations of the plaintiff; that of the amount embraced in the note sued upon $740 was for the lease of a beef market and restaurant in the town of Elberton, Ga.; and that, at the time of the contract touching the purchase of said property, plaintiff represented to the defendant that the business had proved paying and profitable, that plaintiff was making money out of the same, and that defendant could not only make money, but could pay off the note, in less than twelve months time, from the profits of the business. Defendant, having no experience in such business and reposing special confidence and trust in the plaintiff, relied upon the representations as to the character and extent of the business. He accordingly gave the note and deed to secure the same, and put an experienced man in charge of the business; but soon thereafter discovered that it was being conducted at a loss to defendant, and he was forced to quit the business and to dispose of the same at the sum of $200, which was as much as the property was worth. The defendant filed an amendment to his answer, which was allowed by the court, alleging that he had discovered, soon after purchasing the market and restaurant, that plaintiff was running the business before the sale at a considerable loss, and that plaintiff did not have the custom and trade as represented to defendant; and

the character of the business was of such a nature that it could not have been discovered by defendant before he made the trade. As soon as defendant discovered that he had been deceived by the false representations of plaintiff, he offered to rescind the trade and to place plaintiff in as good position as she was before the trade was made, and also to pay her $100 extra to rescind the trade; all of which plaintiff refused. To defendant's answer plaintiff filed a demurrer, upon which the court granted an order that the demurrer to the plea as amended be sustained, and that said plea be stricken; and then directed a verdict in favor of the plaintiff for the amount sued for. Upon this judgment error is assigned in the bill of exceptions. The defendant below also made a motion for a new trial on the general grounds, and likewise excepts to the judgment overruling this motion.

We think the answer in this case sets up a valid defense to the suit. The defense relied upon is that of fraud, caused by false and fraudulent representations made by the payee of the note to its maker, as to the value and character of the property purchased. It appears from the answer that the property for which the note was given was of considerably less value than the price agreed upon and included in the note; that the defects were not patent, and that defendant was induced to sign the note by misrepresentations on the part of the plaintiff in reference to the character and value of the property. Acting upon the misrepresentations in reference to property, the defects of which were not patent to the purchaser, the defendant was thereby deceived and defrauded; and in due time, as appears from the amendment to his answer which was allowed by the court, he made a fair offer to rescind, which was rejected. The answer made out a clear case of fraud perpetrated by the vendor of the property upon the purchaser, made with design to deceive, or at least which actually did deceive, the purchaser; and, therefore, under Civil Code, §§ 3533, 4026, the conduct of the vendor in this case constituted a legal fraud. The court therefore erred in eliminating this defense by striking the defendant's answer. For a full discussion of the law bearing upon this subject of misrepresentations, see the case of *Newman* v. *Claflin Co.*, 107 *Ga.* 89. Though the facts alleged

in this answer may not have been enough to authorize a rescission of the entire contract, we do not understand that the defendant is seeking that in his plea, but is seeking a reduction of the purchase-money, which, under the decision in the case of *Thompson* v. *Boyce*, 84 *Ga*. 497,-8, he clearly has a right to do. From the principles of law applicable to this case, the court erred in sustaining the demurrer to the defendant's answer. *Judgment reversed. All the Justices concurring.*