CENTRAL OF GEORGIA RAILWAY CO. *v.* FOREHAND.

1. Whether the act of a passenger on a railroad train in leaving his seat and going to the door or upon the platform of the coach, while the train is in motion and before it comes to a full stop, is such negligence as would defeat a recovery for an injury resulting from the negligence of the company in operating its train is a question for the jury to determine, from all the facts and circumstances of the particular case under consideration; and in the determination of this question the jury are authorized to take into consideration the age and physical condition of the passenger, the speed of the train, the reason of the passenger for leaving his seat and going to the door or upon the platform, the purpose to be accomplished, and all other attendant facts and circumstances as disclosed by the evidence. *Augusta Southern R. Co.* v. *Snider,* 118 *Ga.* 146, and cit.; *Ootchett* v. *Savannah Ry. Co.,* 84 *Ga.* 687. See also *Parris* v. *A. K. & N. Ry. Co.,* ante, 434.
2. The petition set forth a cause of action, the evidence authorized the verdict, the amount found as damages was not excessive, and no sufficient reason appears for reversing the judgment.

Argued May 20,—Decided June 15, 1907.

Action for damages. Before Judge Littlejohn. Macon superior court. April 25, 1906.

Cited by counsel, as to liability: *Ga. R.* 38/437; 50/353; 76/-333; 80/212; 81/273, 476; 82/229; 83/347; 84/1, 506, 686;

85/504, 653; 87/766; 89/455; 92/388; 103/570; 124/243, 958; 118/147, 535; 96/42; 115/455; 113/297; 120/463. As to amount of verdict: *Ga. R.* 66/252; 81/413; 83/512; 110/189; 86/29; 91/208; 124/837; Wat. Dam. 447; 131 N. Y. 576; 13 Wash. 525.

*William D. Kiddoo,* for plaintiff in error.

*Smith, Berner, Smith & Hastings,* contra.

ATKINSON, J. In addition to what is stated in the headnotes, we do not deem it necessary to make any statement with reference to the case, further than a brief reference to the amount of the verdict. There was testimony from which the jury could have found that the plaintiff was 38 years of age, of robust health, and of active business habits. For five years immediately preceding the injury he had earned an average of from $1,200 to $1,700 per annum. He was riding on the train of the defendant as a passenger, and was approaching the station to which he was destined. The station was a flag station at which trains stopped for a very short time, and it was customary for passengers intending to leave the train at that station to leave their seats while the cars were still in motion and go to the platform, so as to alight immediately upon the stopping of the train. On this occasion the train was running 35 or 40 miles an hour, but, upon approaching the station, commenced to slack speed, as usually done preparatory to stopping; whereupon the defendant left his seat and proceeded to the platform in order to leave the train. Upon reaching the door he perceived that the car was passing his station, and thereupon turned to call to the conductor or other servants operating the train; at which time the train, without stopping, gave a sudden jerk forward and threw him out of the door onto the platform, thence to the ground, dragging him a short distance, bruising his head and face, and finally running over his leg above the ankle. Amputations were necessary and were performed at two different times. The wound did not heal for eight months. He was unconscious for several days after the injury and suffered great pain. He was unable to do any kind of work up to the time of the trial, and his earning capacity was permanently impaired. The jury returned a verdict in his favor for $15,000. The evidence being such as to authorize the jury in finding all of the foregoing to be true, we can not say that the verdict was excessive.

*Judgment affirmed. All the Justices concur.*