*W. E. Spinks,* for defendants.

---

## SOUTHERN RAILWAY COMPANY *v.* STRICKLAND.

This was a suit by a passenger against a railroad company for damages resulting from injuries received by the passenger, from being thrown from the platform of the car. The uncontradicted evidence shows that when the train was about a mile from a regular station where cars were accustomed to stop, and which was the place of destination of the plaintiff, the porter came into the car where the plaintiff was seated, and, announcing the name of the station, called, "All off!" This was at night, and the train was running at a high rate of speed, estimated at from 30 to 45 miles per hour. After the announcement of the station, the plaintiff immediately arose from his seat and walked out on the platform of the car, in order to be ready to alight as soon as the train stopped. After he got out upon the platform he was thrown therefrom by the motion of the car and injured. There had been no perceptible slackening of the speed of the train. The plaintiff was 27 years of age and had never ridden on a railroad train before. *Held,* that, under the rulings in *Blitch* v. *Central Railroad,* 76 *Ga.* 333, and *Hicks* v. *Ga. So. & Fla. Ry. Co.,* 108 *Ga.* 304 (32 S. E. 880), the plaintiff was not entitled to recover.

Submitted January 16,—Decided June 11, 1908.

Action for damages. Before Judge Kimsey. Douglas superior court. July 8, 1907.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*J. D. Kilpatrick* and *J. S. James,* contra.

ATKINSON, J. From the uncontradicted evidence, it appeared that the plaintiff was a passenger on the defendant's train, and that when about a mile from Winston, a regular station and the place of the plaintiff's destination, the porter came in the car where the

plaintiff was seated and called out, "Winston! All off!" This was at night, and the train was running at a high rate of speed at the time, estimated at from 30 to 45 miles per hour. After the announcement of the station, the plaintiff immediately arose from his seat and walked out on the platform of the car, in order to be ready to alight as soon as the car stopped. After he got out upon the platform he was thrown therefrom by the motion of the car and injured. There had been no perceptible slackening of the speed of the train. The plaintiff was 27 years of age and had never ridden on a railroad train before. The plaintiff recovered a verdict for $100, and the court refused to grant a new trial.

It was contended by the defendant that the plaintiff could not recover, because it appeared, from the undisputed evidence, that, by the exercise of ordinary care for his own safety, he could have avoided the consequences of any negligence attributable to the defendant. The announcement of the station by the porter was not an invitation to the plaintiff to leave his seat and put himself in a place of danger. *Walker* v. *Ga. Ry. & Elec. Co.*, 122 *Ga.* 368 (50 S. E. 121); *Hicks* v. *Ga. So. & Fla. Ry. Co.*, 108 *Ga.* 304 (32 S. E. 880). There had been no slackening of speed of the train so as to indicate that it was about to come to a stop. It was dark, and the train was running at a high rate of speed. There was no evidence of any custom which justified the plaintiff in going out upon the platform to await the approach of the train to his station, nor was there any necessity for his going. The injury occurred at a place about one mile from the station. Under these circumstances the case falls clearly under the rule announced in *Blitch* v. *Central Railroad,* 76 *Ga.* 333, and there can be no recovery. See also *Louisville & N. R. Co.* v. *Edmondson,* 128 *Ga.* 478 (57 S. E. 877); *Hicks* v. *Ga. So. & Fla. Ry. Co.*, supra; *Paterson* v. *Central R. Co.,* 85 *Ga.* 653 (11 S. E. 872). On its facts the case at bar is distinguishable from the case of *Augusta Southern R. Co.* v. *Snider,* 118 *Ga.* 146 (44 S. E. 1005), in that the injury happened at night, when the train was running at a high rate of speed, and the danger of going out upon the platform under such circumstances was obvious; whereas in the case of *Augusta Southern R. Co.* v. *Snider* the injury happened in the day, when the train was running at the rate of four miles per hour, and the danger was not necessarily obvious. The same distinction exists between

the facts of *Blitch* v. *Central Railroad,* supra, and the facts of *Augusta Southern R. Co.* v. *Snider,* supra, and was pointed out by Mr. Justice Cobb in delivering the opinion in the latter case. In the same opinion *Paterson* v. *Central R. Co.,* supra, was criticised. The case at bar is also distinguishable from the case of *Central Ry. Co.* v. *Forehand,* 128 *Ga.* 547 (58 S. E. 44), in that in this case the injury happened at a place about one mile from the station, and there was no custom for passengers to leave their seats and go upon the platform while the train was in motion, in order to be prepared for quick departure, and the station was not a flag station where the train was accustomed to stop only for a moment, and the plaintiff went out upon the platform to await arrival at the station, while the train continued at its undiminished and usual rate of speed; whereas in the case of *Central Ry. Co.* v. *Forehand,* supra, the injury occurred near the station, which was a flag station, where trains were accustomed to stop only for a moment, and there was a custom, known to the defendant, for passengers to leave their seats and go to the platform upon approaching the station, to be ready for immediate departure when the train stopped, and there was a perceptible slackening of the speed of the train before the plaintiff left his seat to go to the platform, and the plaintiff did not go out upon the platform, but was at the door at the time he was thrown out. In the case of *Mack* v. *Savannah Ry. Co.,* 118 *Ga.* 629 (45 S. E. 509), the plaintiff left his seat and went upon the platform only as the train approached his station, where he had a right to expect the train would stop, and it was not his intention to go out and remain standing upon the platform before reaching his station. In these particulars that case differed from the case at bar. Upon the whole we are bound by the older cases of *Blitch* v. *Central Railroad,* and *Hicks* v. *Ga. So. & Fla. Ry. Co.,* supra, and must reverse the judgment of the lower court in refusing to grant a new trial.

*Judgment reversed. All the Justices concur.*