1217.  CHARLESTON AND WESTERN CAROLINA RAIL-
WAY COMPANY *v.* BOYD.

The court did not err in overruling the general demurrer. Some of the
special demurrers were meritorious and should have been sustained.

Action for damages, from city court of Richmond county—
Judge Eve.  May 23, 1908.

Argued July 16,—Decided November 10, 1908.

The petition, omitting formal and immaterial parts, is as fol-
lows: "2. That on the 17th day of September, 1906, plaintiff
was a passenger on one of the regular passenger-trains of the said
defendant, which train was traveling over the defendant's line of
road in the State of South Carolina.  3. That plaintiff had pur-
chased a ticket to Woodlawn, South Carolina, which is a station
at which the said train upon which plaintiff was traveling was
regularly scheduled to stop for the reception and discharge of pas-
sengers.  4. That as said train approached the said station, and
was apparently slowing down to stop at said station, and was
traveling at a slow rate of speed, not exceeding four or five miles
an hour, plaintiff went out upon the platform preparatory to
alighting at the said station.  5. That when plaintiff was so sit-
uated, the agents and servants of the said defendant in charge of
the movements of the train caused the said train, without warning
and with a sudden, violent, unexpected, and negligent jerk, to
quicken its speed.  6. That plaintiff, by reason of said jerk, was
thrown heavily to the ground.  7. That as a result of said fall,
plaintiff's ankle was shattered [and certain enumerated injuries
ensued].  8. That in matters and things herein related, plaintiff
was in the exercise of all reasonable care and diligence and was
free from fault.  9. That the said fall was due wholly to the de-
fendant's negligence."

Besides a general demurrer, the following special demurrers
were urged by the defendant:  To paragraph 3, because plaintiff
fails to aver the place where he purchased a ticket over the de-
fendant's road, and where and when he became a passenger on de-
fendant's train.  To paragraph 4, because plaintiff fails to state
his position on the train before he went out upon the platform;
also because he fails to aver any sufficient reason for riding on
the platform; also fails to aver the character of the platform,

whether it had a railing around it or not; also fails to aver his exact position on the car; also because he fails to aver how far the train was from the station when he went out on the platform. To paragraph 5, because plaintiff fails to aver whether or not the train stopped at Woodlawn station. To paragraph 6, because plaintiff fails to aver how far the train was from the station when he was thrown to the ground. Because the allegations of paragraph 7 are too uncertain for plaintiff to deny or traverse the same. To paragraph 8, because it alleges a conclusion, and not the facts upon which it is based. To paragraph 9, because plaintiff fails to allege wherein the negligence of this defendant consisted.

The court overruled the demurrers, and the defendant excepts.

*William K. Miller,* for plaintiff in error.

*Austin Branch, A. L. Franklin,* contra.

POWELL, J. (After stating the foregoing facts.) The court did not err in overruling the general demurrer. *Central Railway Co.* v. *Forehand,* 128 *Ga.* 547 (58 S. E. 44), and cit. We think, however, that some of the special demurrers should have been sustained, and that the plaintiff should have been required to furnish the information demanded by them. Despite our impatience with frivolous objections to pleadings, we must recognize that a reasonable special demurrer is very valuable to a party where his opponent has put loose and indefinite allegations in his pleadings. It is frequently helpful to the court itself, in that it is available to compel the pleader to set out his case with such fullness as to disclose whether he really has the right he has asserted in general terms. We do not think the defendant evinced inordinate curiosity when it asked the plaintiff to state where he purchased his ticket, and when and where he became a passenger. This information, if imparted, would probably enable the defendant's trainmen, who will likely be its witnesses, to better identify the particular passenger, and perhaps even to deny that there was any such passenger. The demurrers aimed at paragraph 4 of the petition are none of them well taken, except the one that alleges a failure to aver how far the train was from the station. Under several decisions of the Supreme Court in similar cases, this is a very material point. There is no merit in the demurrer to the 5th paragraph. The demurrer to the 6th paragraph is well taken. The critic is itself

chargeable with imperfections, so far as it attempts to challenge
the sufficiency of paragraph 7, and was therefore properly over-
ruled. The demurrer to the 8th paragraph is not well taken.
Most important of all, the demurrer to the 9th paragraph is well
taken. This paragraph contains a mere general allegation of negli-
gence. If the petition had charged that the jerk alleged in the
5th paragraph was unusual and unnecessary, the general allega-
tion of the 9th paragraph, taken in connection therewith, would
be held to be sufficient; but no such allegation appears anywhere in
the petition. *Augusta Ry. & Elec. Co.* v. *Lyle,* 4 *Ga. App.* 113
(60 S E. 1075). For the failure to sustain such of the special
demurrers as are herein stated to be meritorious, the judgment is

*Reversed.*