## WATERS *v.* HUGHES.

1. Rule 30 of the superior court (Civil Code, § 5661), which provides that "when an affidavit of illegality is made on account of partial payment made on the execution, the defendant, at the time of making such affidavit, must pay the amount he admits to be due, or the sheriff shall proceed to raise that amount and accept the affidavit for the balance," does not apply in cases of affidavits of illegality filed to the foreclosure of a mortgage on personalty.
2. Payment to the levying officer, by a mortgagor, of the amount admitted to be due in his affidavit of illegality, is not a condition precedent to its acceptance and return into court for trial of the issues therein made.

Submitted November 7,—Decided December 19, 1908.

Illegality. Before Judge Parker. Coffee superior court. March 14, 1908.

*C. T. Roan,* for plaintiff. *Rogers & Heath,* for defendant.

EVANS, P. J. An execution issued against a mortgagor on the foreclosure of a mortgage on personalty. The defendant filed with the levying officer an affidavit of illegality, setting up a partial payment, and a continuing tender of the balance of the debt, made after the maturity of the mortgage, and prior to its foreclosure. The affidavit of illegality was accepted by the levying officer, and together with the mortgage execution it was returned to the superior court for trial. On the call of the case the mortgagee moved to strike the affidavit of illegality, on the ground that the "affidavit of illegality affirmatively set out that said defendant is due the plaintiff certain sums of money on an execution, and that the said sums have never been paid to the sheriff, and that there has never been any legal or proper offer on the part of the defendant to pay said amounts so admitted to be due, so as to authorize

the said affidavit of illegality to be accepted and returned into court." The motion was overruled, and the plaintiff excepts.

The contention of the plaintiff in error is that payment of the amount admitted in the illegality to be due is a condition precedent to its acceptance by the levying officer, and its return into court. This contention is based upon rule 30 of the superior court, as embraced in the Civil Code, § 5661, which is as follows: "When an affidavit of illegality is made on account of partial payment made on the execution, the defendant, at the time of making such affidavit, must pay the amount he admits to be due, or the sheriff shall proceed to raise that amount and accept the affidavit for the balance." We do not think that this rule has any application to affidavits of illegality filed to the foreclosure of a mortgage on personalty. Its operation is confined to the course to be pursued where the defendant desires a stay of an execution, where partial payment has been made on an execution based on a final judgment. When an execution issues on a judgment rendered by a court of competent jurisdiction, a defendant who has had his day in court is cut off from any defense which he might have urged before judgment. If he has made partial payments on the execution, but admits that there is still a balance due thereon, the rule of court requires that he should pay to the levying officer this balance, in order to arrest its progress. The reason for the rule is apparent. The defendant whose entire defense relates to matters occurring subsequent to the final judgment does not attack the validity of the judgment, or defend against the demand which is concluded by the judgment, and he should not be permitted to stay the levying officer from realizing on the execution the amount admitted to be due. But the situation is entirely different in the case of a mortgage foreclosure on personalty. In this procedure the defendant is given the opportunity for the first time to make his defense to the mortgage debt after the mortgage has been foreclosed and the execution has been levied upon the mortgaged property. Against a foreclosure on personalty the statute allows the mortgagor to set up and avail himself of any defense which he might have set up according to law in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due. Civil Code, § 2765. In order to avail himself of any defense to the mortgage, he must either give bond with security for the forthcoming of the

property, or make affidavit of his inability to do so. In either event the levying officer must postpone the sale. In case he fails to give bond as required by the statute, the mortgaged property remains in the custody of the levying officer until the issue made by the affidavit of illegality is disposed of. Civil Code, §2766. The substance of these sections of the code is taken from the judiciary act of 1799. Cobb's Dig. 571; Code of 1873, §§3971, 3976. That act provided that any person holding a mortgage on personalty, and wishing to foreclose the same, shall make application to one of the judges of the superior, or justices of the inferior courts, and make affidavit before him of the amount due on such mortgage, and this affidavit be annexed to the mortgage, and thereupon the clerk of the superior or inferior court shall issue execution as on a judgment, which being delivered to the sheriff, it shall be his duty to levy the same on the property mortgaged, wheresoever the same may be found, and expose it to sale after due advertisement, provided that, if any dispute shall happen as to the sum due on such mortgage, it shall and may be lawful for the judge or justice, on affidavit, to order such sale to be postponed upon the mortgagor giving bond, in double the sum sworn to be due, for the forthcoming of the property. In 1880 (Acts 1880-1, p. 55) it was enacted that if the mortgagor, upon the filing of his affidavit of illegality with the levying officer, should give a forthcoming bond, or make oath of his inability to do so, the levying officer shall postpone the sale of the property, and return all the proceedings and papers in the case to the court from which the execution issued, where the issue shall be tried as in other cases of illegality. The whole object of this latter act was to provide for a postponement of the sale of the property pending the litigation, and this result could be achieved by the mortgagor's compliance with its requirement. At the time of its passage rule 30 of the superior court was in force. If it and the other provisions relating to illegality cases had been applicable, there would have been no necessity for this legislation.

While the pleading in which the mortgagor makes his defense is called an affidavit of illegality, it might more properly be designated a counter-affidavit. When it is filed the mortgage execution is converted into mesne process, and becomes mere pleading. Nothing is adjudicated by the plaintiff's affidavit of foreclosure, and the mortgagor's defense goes to the merits of the case. In an issue

formed on an affidavit of illegality to an execution based on a judgment, the merits of the controversy which eventuated in the judgment can not be gone into. We therefore think that rule 30 is not applicable to the case of a mortgage foreclosure on personalty, but refers to affidavits of illegality interposed to executions based on judgments. *Judgment affirmed. All the Justices concur.*