### 21626. FELLOWS *et al. v.* SAPP *et al.*

STEPHENS, J. 1. In a proceeding to foreclose a chattel mortgage, the mortgagor may in an affidavit of illegality set up any defense he might have urged in a suit on the note secured by the mortgage and which goes to show that the amount claimed is not due and owing by him. Civil Code (1910), §§ 3289, 3300. *Futch* v. *Taylor*, 22 *Ga. App.* 441 (96 S. E. 183).

2. In a sale of personalty, where the basis for fixing the selling price or the amount to be paid is the cost price, false statements as to the latter, which the buyer believes and upon which he relies, constitute fraud for which a right of action exists; and where a note is given for the purchase-money of personalty in an amount falsely represented by the seller to be the cost price, upon which false representation the buyer acted, the maker of a mortgage given to secure payment of the note may, in an affidavit of illegality to a foreclosure of the mortgage, set up such fraud, and show that by reason thereof the amount claimed is not due. 12 R. C. L. 284, 285; Kohl v. Taylor, 62 Wash. 678 (114 Pac. 874, 35 L. R. A. (N. S.) 182) ; Brody v. Foster, 134 Minn. 91 (158 N. W. 824, L. R. A. 1916F, 782) ; Beare v. Wright, 14 N. D. 26 (103 N. W. 632, 69 L. R. A. 409, 8 Ann. Cas. 1061, 1062).

3. The affidavit of illegality is not defective in that it does not allege a tender, before the filing of the affidavit of illegality, of the amount admitted to be due. *Waters* v. *Hughes*, 131 *Ga.* 725 (63 S. E. 214).

4. In this case the mortgagor was not guilty of negligence in not discovering, when the note and mortgage were given, that the statement of the mortgagee as to the cost price was false.

5. Where a party to a contract seeks its rescission on the ground of fraud, he must restore, or offer to restore, the consideration he received by virtue thereof. The allegations in the affidavit of illegality were not sufficient to authorize a rescission of the contract, in that they do not show that the mortgagor restored, or offered to restore, the property received under the contract, before filing the affidavit of illegality. See

Civil Code (1910), § 4305; *Cabaniss* v. *Dallas Land Co.*, 144 *Ga.* 511 (87 S. E. 653); *Williams* v. *Fouché*, 157 *Ga.* 227 (121 S. E. 217).

6. While the affidavit of illegality was insufficient as a plea of rescission, it was sufficient as a plea seeking to abate the amount of the agreed purchase-price. The court therefore did not err in overruling the demurrer to the affidavit of illegality.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 1, 1932.

*S. B. Lippitt,* for plaintiffs.

*H. A. Wilkinson, Henry A. Wilkinson Jr.,* for defendants.