### 28881. LUNCEFORD *v.* NUNNALLY.

DECIDED JUNE 26, 1941.

H. C. Denton, W. O. Slate, for plaintiff in error.
Duke C. Meredith, J. S. Nunnally, contra.

STEPHENS, P. J. (After stating the foregoing facts.) It is contended by the defendant that the plaintiff, who was not the payee of the note sued on, could not maintain a suit on the note in his own name unless it appeared from the petition, or from the copy of the note sued on which was attached as an exhibit to the petition, that there had been a written indorsement, transfer, or assignment of the note to the plaintiff, and that therefore the court should have dismissed the petition. The defendant bases his contention on *Allen* v. *Commercial Credit Co.,* 155 *Ga.* 545 (117 S. E. 650), in which the Supreme Court held: "Where promissory notes are made payable to a named person or order, the holder thereof other than the payee can not sue thereon in his own name, where the notes have not been indorsed or assigned in writing to him; but suit can only be brought thereon in the name of the original payee for the use of the holder. Where the petition fails to allege or show such indorsement or assignment in writing, it is subject to dismissal on general demurrer." The note here is payable to J. C. Goss, and the suit was instituted by J. S. Nunnally "transferee." Neither the petition nor the exhibits show any indorsement, transfer, or assignment of the note in writing to the plaintiff. However, the decision in the above-stated case was rendered before the enactment in this State in 1924 of the negotiable-instruments law, which provides: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor." Code, § 14-420. In *Folsom* v. *Continental Adjustment Cor.,* 48 *Ga. App.* 435 (172 S. E.

833), it was said: "Prior to the enactment in this State of the uniform negotiable-instruments law, it was the rule that, where a promissory note was payable to a named person or order, the holder other than the payee could not sue thereon in his own name where the note had not been indorsed or assigned in writing to him, and that suit could be brought only in the name of the original payee for the use of the transferee. . . The indorsement or assignment in writing of the note was necessary to put the legal title in the holder. . . Thus, where a petition failed to allege or show such indorsement or assignment in writing, it was subject to dismissal on general demurrer. . . But this rule was changed by the adoption of section 49 of the negotiable-instruments law in the act of 1924 [which is embodied in Code, § 14-420, quoted above]. . . Such a transfer without indorsement, vesting the transferee with legal title, although not effective to render the transferee a holder in due course, . . now permits the transferee to bring suit in his own name. . . The instant petition, alleging that the note was 'transferred for a valuable consideration,' was good as against the general demurrer that it showed no cause of action." The petition in the case now before the court alleges that the plaintiff was "transferee" of the note but does not allege that he is a transferee for value. This omission may take this case without this section of the negotiable-instruments law. This question it is not necessary to decide.

However, if the plaintiff could not maintain this suit in his own name, he introduced in evidence without objection the original note on the back of which appeared two undated transfers, one from the payee to F. G. Hamm and the other from F. G. Hamm to the plaintiff, both of which transfers recited that they were given for a valuable consideration. It is true that at the conclusion of the evidence the defendant moved to dismiss the case on the ground that it was not alleged in the petition or in the exhibit thereto that the plaintiff had acquired title to the note sued on by indorsement, and the copy thereto attached did no show any transfer or assignment from Goss, and there was no separate writing undertaking any transfer of the note, and also moved the court to grant a nonsuit and dismiss the petition because there was no indorsement on the copy of the note attached as an exhibit nor any recital in the petition of a transfer or assignment of the note, and that in the ab-

sence of an amendment by the plaintiff the suit should be dismissed. If there was any error in overruling the demurrer, or in overruling the motion to dismiss the case, such error was rendered harmless by the admission without objection of evidence that the note had been transferred or assigned to the plaintiff in writing and for value.

There is no merit in the contention of the defendant that "the present transferee having acquired title to the note in controversy after its maturity was legally bound to make demand for payment on defendant prior to instituting this action." Conceding that the evidence shows as a matter of law that the plaintiff acquired the note sued on after maturity, a demand on the defendant was not neccessary before the institution of the suit. The defendant was one of the makers of the note and was 'primarily liable thereon. "Presentment for payment is not necessary in order to charge the person primarily liable on the instrument." Code, § 14-701.

There was sufficient evidence to authorize the judge to find against the defendant's plea that he was not indebted on the note. The evidence authorized the finding for the plaintiff.

It follows that the appellate division of the trial court did not err in affirming the judgment of the trial judge in overruling the defendant's motion for new trial.

*Judgment affirmed.* *Sutton, J., concurs.* *Felton, J., concurs specially.*