35309.   MORGAN *v.* CROWLEY.

DECIDED NOVEMBER 4, 1954.

*D. R. Jones, Jr., Barrett & Hayes,* for plaintiff in error.
*Roger H. Bell, Elijah A. Brown,* contra.

QUILLIAN, J.  Carl A. Crowley sued C. W. Vaughn and Paul Morgan on a promissory note.  Morgan filed general and special demurrers to the petition, which the trial court overruled, and also filed a separate plea, answer and cross-action.  The plaintiff filed numerous general and special demurrers, attacking the plea and answer; the trial court sustained the demurrers, and Morgan amended, the plaintiff renewed his demurrers, Morgan further amended the plea and answer, and the plaintiff again renewed his demurrers and added other special demurrers to the plea and answer as amended.  The trial court then entered an order sustaining all of the general and special demurrers to the plea and answer as amended and dismissing it.  The case thereafter proceeded to trial and resulted in a verdict for the plaintiff against both the defendants in the amount sued for.  The defendant Morgan made a motion for new trial on the general grounds, which was overruled.  The exception here is to the order overruling the demurrers to the petition, to each of the orders sustaining the demurrers to the plea and answer, and to the order denying the motion for a new trial.

The plea and answer to the suit, omitting immaterial portions and as finally amended, was as follows: (After denying the material allegations of the petition) "By way of further plea and answer, your defendant shows: 3.  That Carl A. Crowley entered into a sales contract of the South Wind Tourist Court, Volusia County, Florida, to be sold to C. W. Vaughn and Paul Morgan, as per the contract entered into between the parties, a copy of which is attached hereto, made a part hereof, and marked 'Exhibit C'.  4 (a).  Your defendant, Paul Morgan,

shows that the plaintiff intentionally and falsely represented to the defendant, knowing the same representation to be false, the income received from said business, sold to the defendant by Carl A. Crowley, according to the above referred to contract marked Exhibit 'C'. Carl A. Crowley stated to Paul Morgan and C. W. Vaughn, that said business had taken in a gross of $30,000 a year or more, in the preceding three years that the business had been operated, when actually said business had not taken in a gross of more than $15,000 in any one year. Your defendant, Paul Morgan, shows that Carl A. Crowley stated to him that said business during the past three years made a net profit of $9,000 per year after all taxes, insurance, operation costs, repayment of the principal and interest of the outstanding loans, and all other expenses had been paid; whereas, Mr. Crowley had made no net profit any year on said business. Your petitioner further shows that under a sworn statement dated April 3, 1953, which was for the purpose of being used in the Circuit Court, Volusia County, Florida, in case No. 22083 (Chancery) Carl A. Crowley made under oath the following statement: 'Before original sale of Southwind Court by Mr. Armstrong to Mr. Crowley, Mr. Armstrong stated that he would swear and produce books to the effect that he had taken in $150,000 in the previous five years of business, and agreed to put this into the sales agreement. This was not done as agreed through an oversight by realtor, Arnold Lund. The books from this year's business show that this volume is not possible and a misrepresentation was made.' Mr. Crowley's representations to Paul Morgan as to the gross income of $30,000 a year were false as is set out above. 4 (b). Your defendant, Paul Morgan, shows that Carl A. Crowley represented to them that he had owned the business for a period of 3 years prior to August 19, 1952. Your defendant shows that Carl A. Crowley had owned the business for a period of time less than six months prior to August 19, 1952. 4 (c). Carl A. Crowley further falsely and willfully misrepresented to the defendants herein knowing the same to be false, the rate that each apartment unit in this said business was being rented for. He stated that during the three years immediately prior to August 19, 1952, that all the units rented at a rate of no less than $65 per week, with the exception

of one unit known as B-2 which rented at a minimum of $70 per week, with the exception of unit B-3 which rented at a minimum of $75 per week, and with the exception of unit C-3 which rented at a minimum of $75 per week. Your defendant, Paul Morgan, shows that some of these units in this business had during said three years time, been rented at a rate of from $35 to $45 per week, which fact was known to the plaintiff herein, Carl A. Crowley. 4 (d). Carl A. Crowley further stated to the defendants herein that over each entire year for the past three years fifty percent of all the units were rented at all times at the specified minimum rate of $65 per week, with the exception of units B-2 which was rented at the rate of $70 per week, B-3 which was rented at the minimum rate of $75 per week, and C-3 which was rented at the minimum rate of $75 per week. Your defendant, Paul Morgan, shows that each year for the three years immediately prior to August 19, 1952, no more than 25% of the units were rented during any one year at the minimum rate as specified by the plaintiff, or any other rate. Carl A. Crowley when making the representation as to the percent of the time these units were rented during the year, knew the same to be false when the representations were made to Paul Morgan. 4 (e). The defendant, Paul Morgan, shows that said representations were made by Carl A. Crowley in Atlanta, Georgia, to Paul Morgan immediately prior to entering into this agreement, and as an inducement to enter into this agreement attached hereto and marked Exhibit 'C'. 4 (f). Paul Morgan shows that at the time of his entering into this contract, marked Exhibit 'C', he had never seen the property in Daytona Beach, Florida, that was subject to said contract. Paul Morgan shows that he strove to discover the truth of the representation of Carl A. Crowley and requested to see the books and records of said business owned by Carl A. Crowley, and Mr. Crowley stated he maintained no books and records of said business and did not keep any records during the time he owned said business and that he would assure Mr. Morgan that the facts set forth by him as to the above representation were true and correct. Paul Morgan further shows that he stated to Carl A. Crowley that he was going to have an attorney run the title on said property and Mr. Crowley induced Mr. Paul Morgan not to have said title

run, stating that he had recently had an attorney go over the entire transaction and records as to this Florida property and he could assure Mr. Morgan that the indebtedness against said property and the time of his ownership of the same had been correctly stated to Mr. Morgan as set out above. Paul Morgan shows that he relied upon these representations of Mr. Carl A. Crowley as there being no books that could be checked to verify the above statements of Mr. Crowley, and also relied upon the statement that Mr. Crowley had recently had an attorney check into the title of said property and that the same had only the indebtedness outstanding as was indicated in the contract or exhibits being attached hereto, and that the property had been owned for three years by Carl A. Crowley. Said false and fraudulent representations as to the above material facts made by Mr. Crowley to Mr. Paul Morgan and Mr. C. W. Vaughn were made as an inducement for Paul Morgan to enter into the attached. contract marked Exhibit 'C', and being attached hereto, and were relied on by Mr. Paul Morgan as being true and correct. Your defendant further shows that these foregoing statements of the plaintiff were made in an effort to defraud the defendant in an effort to prevent the defendant from determining the true facts as to the length of time that the plaintiff had owned said Florida property and the actual income of the same. Paul Morgan relied upon the foregoing statements of defendant [plaintiff?], Carl A. Crowley, to the defendant's great injury. The foregoing representations were made to Paul Morgan by Carl A. Crowley in Atlanta, Fulton County, Georgia, prior to the execution of attached contract marked Exhibit 'C'. 5. Your defendant, Paul Morgan, further shows that if Carl A. Crowley had not made these false and fraudulent representations all of which Paul Morgan relied on and which were material facts as set out in paragraphs 4 (a) through 4 (f) of Paul Morgan's answer as amended, your defendant, Paul Morgan would not have entered into the attached contract marked exhibit 'C', would not have assumed the $105,000 mortgage, would not have executed the $31,000 note attached to plaintiff's petition, marked Exhibit 'A', and would not have executed a deed assigning all his interest in Boomtown Recreation Center, in Clayton County, Georgia, to the plaintiff, Carl A. Crowley. 6. Your defendant,

Paul Morgan, shows that immediately upon discovery of the foregoing fraudulent representations made by Mr. Carl A. Crowley to Paul Morgan, he tendered back to Mr. Carl A. Crowley everything that Mr. Morgan had received under the contract and continued to tender the same and demanded that Mr. Crowley restore to the defendant everything that Mr. Crowley had received by virtue of said contract. 7. Your defendant, Paul Morgan, shows that he paid the plaintiff $1,800 on the void note attached to plaintiff's petition marked 'Exhibit 'A' and made a part thereof and that he is entitled to the return of this entire sum of money paid the plaintiff, Carl A. Crowley, under said note. 8. Your defendant, Paul Morgan, shows that he has been damaged in the sum of $14,300, as is more fully herein set out. 9. Your defendant, Paul Morgan, shows that on August 19, 1952, the 'Boomtown Recreation Center' was worth $45,000 and there was an outstanding mortgage of $20,000 against said 'Boomtown Recreation Center' which was assumed by Carl A. Crowley. 10. Your defendant, Paul Morgan, shows that he and C. W. Vaughn each owned a one-half undivided interest in the said 'Boomtown Recreation Center' at the time of its sale to Carl A. Crowley. 11. Your defendant, Paul Morgan, shows that C. A. Crowley sold the 'Boomtown Recreation Center' and now has no interest in same. 12. Your defendant, Paul Morgan, shows that on March 23, 1953, he made a default on the payment due on the $105,000 first mortgage that he assumed on said property conveyed to Paul Morgan and C. W. Vaughn by C. A. Crowley under the foregoing contract marked 'Exhibit C', attached hereto and made a part hereof." (Paragraph 13 was stricken.) "14. Your defendant, Paul Morgan, respectfully shows that the void note sued on by plaintiff, which is attached to his petition marked 'Exhibit A', and upon which the plaintiff's cause of action rests, is the same note that was issued by the defendants herein and made payable to plaintiff in accordance with the above contract which is marked 'Exhibit C', copy of which is attached hereto and made a part hereof. Said note was given in accordance with the following paragraph of the above referred to contract marked Exhibit 'C': '3—Purchasers to give seller $31,700 note and seller to pay broker's commission out of said $31,700 note, said note payable principal and interest in

monthly payments of $300, first payment being due October 1, 1952, and on first of each month thereafter until paid.' 15. The last sentence of paragraph two, page two, of the above contract marked 'Exhibit C', and attached hereto and made a part hereof, reads as follows: 'A breach of any payment required to be made hereunder shall operate to void this contract or any instrument drawn or substituting same.' 16. Defendant shows that under said contract, attached hereto and marked 'Exhibit C', the purchasers were to assume the $105,000 first mortgage under the property conveyed by the attached contract marked 'Exhibit C' and pay the instalments under same. On the 23rd day of March, 1953, your defendant, Paul Morgan, breached the payment required on said $105,000 mortgage and accordingly voided the attached contract marked 'Exhibit C', and any instrument drawn or substituting same, which includes the $31,700 note sued on by plaintiff and which is attached to his petition and made a part thereof and marked 'Exhibit A'. 17. Your defendant, Paul Morgan, files this his plea of usury to the note attached to the plaintiff's petition and marked 'Exhibit A' for on the face of said note the same is usurious in that it sets up interest at the rate of ten percent on the unpaid balance of principal and interest which is two percent above the maximum rate of interest. Your defendant, Paul Morgan, shows that said original note was in the sum of $31,700 executed on the date of August 19, 1952, and that Mr. Carl A. Crowley has taken and reserved usury on said note in the amount of $800. 18. Defendant shows that plaintiff has waived his right in the contract hereinbefore referred to as Exhibit 'C' to sue upon the said promissory note attached to plaintiff's petition and marked Exhibit 'A', because said contract contains the provision that, 'upon the default by the purchasers, or upon any breach of the conditions or provisions of this instrument or any instrument referred to herein, the payments made under this contract shall be taken and considered as liquidated damages and rent for the use of said premises', and plaintiff has no further right to damages under this contrcat other than stipulated as liquidated damages. Wherefore, the defendant, Paul Morgan, having fully answered, generally prays for a judgment in his favor, that the prayers set forth in the plaintiff's petition be denied, that the defendant be

discharged, that he, Paul Morgan, have judgment of and against Carl A. Crowley in the sum of $14,300 on his cross-bill plus all cost of court." It is not necessary for the purpose of this opinion, to set forth the provisions of the contract referred to in the plea and answer.

The defendant argues before this court and insists on only three grounds of his special demurrers to the petition. The first point argued in Morgan's brief, to the effect that the petition was demurrable because it failed to allege that the defendants were more than 30 days in default, does not appear to have been specifically raised by the demurrers to the petition originally filed in the trial court, and therefore will not be considered by this court.

■ The fourth ground of demurrer specially attacks paragraph 2 of the petition because "said paragraph does not show why or how your defendant is indebted to plaintiff for any interest, what the rate of interest is, nor from what date interest should run" on the alleged indebtedness. This ground of demurrer is clearly not meritorious. A copy of the instrument sued on is attached to the petition, and, so attached, became a part of the pleadings. This instrument provides for the payment of interest at the rate of 6% in one place and 10% at another place, but there is no indication from the pleadings that the plaintiff has ever attempted to exact an illegal rate of interest or that he is now attempting to do so; and, in the absence of evidence that the plaintiff is attempting to exact such an illegal rate of interest, the petition is not demurrable. Under the state of the pleadings in this case, this was a matter to be specially pleaded by the defendant.

While the instrument is undated, except as to the year of issue, it appears that it provides for payments monthly with the first one due on October 1, 1952, and under these circumstances it is apparent that the instrument was issued on or about September 1. However, this is also a matter for evidence. "Where the language of the instrument is ambiguous, or there are omissions therein, the following rules of construction apply: . . . (2) Where the instrument provides for the payment of interest without specifying the date from which interest is to run, the interest runs from the date of the instrument, and if the instru-

ment is undated, from the issue thereof. (3) Where the instrument is not dated, it will be considered to be dated as of the time it was issued." Code § 14-217. Under the foregoing rules, parol evidence can be heard as to the date of issue. The fourth special ground of the demurrer is without merit.

The fifth ground of demurrer demurs to paragraph 2 of the petition and particularly to the allegations therein with respect to the indebtedness of the defendant for interest, because the note attempts to collect interest at 10%, which is beyond the legal interest allowed in Georgia. As stated above, the note provides for the payment of interest at 6% (a legal rate) before maturity, but at a rate of 10% after maturity. However, as pointed out above, there is no indication from the pleadings that any attempt has been made or will be made to reserve interest at an illegal rate, and this is a matter for affirmative defense under the state of the pleadings. This ground of the motion is without merit.

■ The tenth ground of demurrer is as follows: "The defendant demurs to paragraph 3 of the petition and in particular to the phrase, 'Demand having often been made by petitioner,' and moves to strike the same on the ground that the date of each and every demand was not set out, nor does plaintiff state who made the demand upon whom, nor at what places, nor time said demands were made." In an action against the maker of a promissory note, it is not necessary to plead and prove a demand. *Dougherty* v. *Western Bank of Ga.*, 13 *Ga.* 287 (1); *Lunceford* v. *Nunnally*, 65 *Ga. App.* 234 (3) (15 S. E. 2d 620). This being so, while the allegations of the petition tending to show a demand or demands may have been insufficient, they were mere surplusage, and any error in overruling this ground of demurrer was harmless to the defendant and will not require a reversal of the case on this ground.

■ The defendant's answer as finally amended was demurred to both generally and specially on numerous grounds. Many of the grounds of special demurrer sought to elicit additional information and more definite allegations of the initial allegations of facts. Reasonable certainty is all that the law requires of a pleader even as against a special demurrer. *Charleston & W. C. Ry. Co.* v. *Attaway*, 7 *Ga. App.* 231 (2) (66 S. E. 548). A party

is not required to set out his entire cause of action or defense in a single paragraph of his pleading (*L. & N. R. Co.* v. *Watts,* 20 *Ga. App.* 637, 638, 93 S. E. 255), and it is generally sufficient if the entire pleading sets forth the facts upon which the party relies with sufficient detail and clarity to enable the opposing party to know and understand what contentions he has to meet. Under the foregoing rules of law, special demurrer numbered II —attacking paragraph 3 of the plea and answer as amended on the ground that "there are no issuable defenses to the note sued on herein nor are any defenses shown in the contract referred to in said paragraph 3", and special demurrer III (2)—attacking paragraph 4 of the plea and answer on the ground no facts are shown to substantiate the statements set out in that paragraph, and special demurrer III (3) and (4), seeking allegations of additional facts, and special demurrers IV (1) and (2), attacking paragraph 5 of the plea and answer, and special demurrers V (1), (2) and (3)—attacking paragraph 6 because it does not state where or when the discovery took place nor of what the discovery consisted, nor when or to whom the tender back was made and does not state the value of the portion of the property not tendered back, and so much of special demurrer VI as seeks additional facts in paragraph 7 of the plea and answer as to why the defendant "is entitled" to the return of his money, and demurrer XII (3)—attacking paragraph 16 of the petition for failure to allege sufficient information, and demurrers numbers 2 (2) and 3 (1) of the renewal demurrers filed on January 20, 1954, and paragraph 4 of the renewed demurrer filed March 3, 1954—were all without merit, and the trial court erred in sustaining these special grounds. Factitious demands by special demurrer are not favored, and the practice of requiring unnecessary elaboration of pleadings by the process of such special demurrers should not be encouraged. *City of Dalton* v. *Cochran,* 80 *Ga. App.* 252 (2a) (55 S. E. 2d 907).

■ Under the facts and circumstances of this case, as will be more fully discussed hereinafter, the defendant, the purchaser, had the right to rely on the statements and representations made by the plaintiff, the vendor, respecting the financial condition, gross income, and return that had been previously experienced in the business about to be bought and sold. This rule is par-

ticularly applicable where, as in this case, the subject matter of such representations is peculiarly within the knowledge of the vendor. "It is going too far to say that in a sale the buyer must look out for himself, and that he has no right to rely on the statements of the seller." *Reid* v. *Flippen*, 47 *Ga.* 273, 278 (2); *Fenley* v. *Moody*, 104 *Ga.* 790, 793 (30 S. E. 1002); *Cohron* v. *Woodland Hills Co.*, 164 *Ga.* 581, 589 (139 S. E. 56). Accordingly, special demurrer III (1)—attacking paragraph 4 of the plea and answer because "Said paragraph shows no cause, reason or facts why defendants should rely on any statements of the plaintiff, whether false or not, in entering into the contract referred to; nor does this paragraph show that defendant was deprived of an opportunity to investigate and find out the true financial status and income of said tourist court for himself,"— and the 3rd ground of general demurrer attacking the. entire petition on the same ground, are without merit, and the trial court erred in sustaining those grounds.

■ Several of the plaintiff's original demurrers attack the plea and answer on the ground that certain paragraphs thereof are irrelevant and immaterial and show no defense to the issues in the cause of action, or because they are irrelevant, immaterial, and prejudicial and state no issuable defense. These grounds of demurrer are insufficient to present any question for the consideration of the court. As has been frequently said: A demurrer being a critic must itself be free from imperfection, and a special demurrer must, as it were, put its finger upon the exact weakness which it seeks to point out. *Southern States Portland Cement Co.* v. *Helms*, 2 *Ga. App.* 308 (58 S. E. 524); *Douglas, A. & G. Ry. Co.* v. *Swindle*, 2 *Ga. App.* 550, 556 (4) (59 S. E. 600); *Charleston & W. C. Ry. Co.* v. *Boyd*, 5 *Ga. App.* 137 (62 S. E. 714); *Seaboard Airline Ry.* v. *Stoddard*, 82 *Ga. App.* 743, 750 (3) (62 S. E. 2d 620). Accordingly, the special demurrers numbers V (4), IX, X, and XI, which, as special demurrers were subject to the foregoing criticism, were improperly sustained.

■ The plaintiff demurred to the word "void" in paragraph 7 of the plea and answer, on the ground that it constituted a conclusion of the pleader and was irrelevant, immaterial, and prejudicial; and the plaintiff demurred to the balance of that paragraph, on the ground that nothing was shown why the de-

fendant was entitled to the return of his money paid; and to paragraph 9 as being irrelevant and immaterial, a conclusion of the pleader with no facts to support the allegation that Boomtown Recreation Center was worth $45,000, nor how these figures were arrived at. The general demurrer to the plea and answer attacked it on the grounds (in addition to those treated in the third division of this opinion) that the facts set forth did not constitute a valid defense to the note sued on; did not constitute a plea of either total or partial failure of consideration; that the allegations in the answer that the note was obtained by fraudulent representations state conclusions without giving any facts on which they are based; that the allegations of fraud on the part of the plaintiff are insufficient; that the answer sets forth no grounds entitling the defendant to the relief asked for; that no facts are alleged in the answer to show the value of anything tendered to the plaintiff, or any facts to show that a tender of any kind was made, and finally, on the ground that the defendant "ratified the note by paying $1,800, as shown in his answer, and he has no issuable defenses to the note in this case of action."

These grounds of demurrer are all without merit. In considering whether a particular allegation is a conclusion, it is proper for the court to consider all the other facts alleged in the petition (*North British &c. Ins. Co.* v. *Parnell*, 53 *Ga. App.* 178 (1), 185 S. E. 122); and where the pleaded facts support the allegation demurred to as a conclusion, it is error to sustain the demurrer. *Wellborn* v. *Johnson*, 204 *Ga.* 389 (2) (50 S. E. 2d 16); *Rogers* v. *Western & A. R. Co.*, 209 *Ga.* 450 (1) (74 S. E. 2d 87). If the facts alleged elsewhere in the petition be taken as true for the purposes of these special demurrers to paragraphs 7 and 9, we think that they sufficiently support the allegations of those paragraphs, and show that the defendant, having been misled by false and fraudulent representations of the plaintiff respecting material facts as to the value of the property sold, on which representations he was entitled to rely, and on which he did rely and paid the sum of $1,800 on the property thus fraudulently misrepresented to him, and, under the allegations of fact contained in the plea and answer, the defendant would be entitled to the return of any sums paid upon due proof of the facts so alleged.

The allegations fixing the value of Boomtown Recreation Center at $45,000 were not conclusions, but were allegations of fact and were not subject to the special demurrer attacking them.

While the plea in this case may not have been sufficient as a plea of rescission, because it did not tender back what was received by the defendant, it nevertheless was sufficient as a plea to partially abate the purchase price agreed to be paid as represented in part by the note sued on, and for this reason was not subject to the general demurrer interposed. *Thompson* v. *Boyce,* 84 *Ga.* 497, 503 (11 S. E. 353) ; *Carithers* v. *Levy,* 111 *Ga.* 740, 743 (36 S. E. 958) ; *Fellows* v. *Sapp,* 45 *Ga. App.* 89 (5, 6) (163 S. E. 314). As we construe the allegations of the plea and answer, they plainly and sufficiently make out a case of fraudulent misrepresentations by the plaintiff as to material facts touching the value of the motel property sold to the defendant, which representations were made with the view of inducing, and which did induce the defendant to purchase the property and part with valuable property in exchange therefor, and to sign the note sued on obligating himself to pay further sums of money in exchange therefor. Such allegations were sufficient as against the general and special demurrers interposed, and entitled the defendant to at least some of the relief prayed for. *Newman* v. *Claflin Co.* 107 *Ga.* 89 (32 S. E. 943). Under the allegations of the plea and answer, the vendor made representations to the vendee, which he relied on and which subsequently proved to be false, and under such facts he was entitled to avoid the contract entered into pursuant to such sale, at least to the extent of having the purchase price abated. *Carithers* v. *Levy,* supra. It follows that all of the general and special grounds of demurrer referred to at the beginning of this division were without merit, and the trial court erred in sustaining each of those grounds of demurrer.

■ The plaintiff demurred to paragraph 8 of the plea and answer, as follows: "Plaintiff demurs to paragraph 8 because it is a conclusion of the pleader and no facts or allegations are shown substantiating the figures stated in said paragraph 8." The trial court did not err in sustaining this ground. From a reading of the entire plea and answer as amended, it is impossible to understand how the defendant arrived at the exact figure

as damages, and we think that the plaintiff is entitled to a more explicit allegation as to how these figures were arrived at by the defendant.

■ The 16th paragraph of the plea and answer was demurred to on the ground, among others, that it shows no issuable defense to this cause of action. This ground was properly sustained insofar as it struck allegations to the effect that the defendant's breach voided the contract and the note sued on. A party cannot take advantage of his own default in the performance of a contract. The provision of the contract sought to be invoked by the defendant, insofar as it related to a breach by him, was for the benefit of the plaintiff, and he cannot be heard to plead his own breach as a defense to an action by the plaintiff based on the note executed pursuant to the contract, where the election to treat the contract of sale as a nullity had not been made by the plaintiff.

■ All the remaining grounds of general and special demurrer not specifically treated herein are without merit and should have been overruled.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Nichols, J., concur.*